GOSSETT *v.* STATE.

Opinion delivered June 11, 1898.

CRIMINAL EVIDENCE—REFUSAL TO TESTIFY.—Defendant, on trial for steal-
ing two barrels of whisky, testified that he had two gallons of whisky
about the time the barrels were stolen, but refused to tell where he
got them, on the ground that his answer would tend to convict him of
illicit distilling, for which crime he was under indictment. The court
declined to compel him to answer where he got the whisky, but permit-
ted the prosecuting attorney to argue that his refusal to answer was
evidence of his guilt. *Held* an improper argument. (Page 391.)

Appeal from St. Francis Circuit Court.

HANCE N. HUTTON, Judge.

### STATEMENT BY THE COURT.

The defendant, Bill Gossett, was charged in this case with,
and convicted of, stealing two barrels of whisky, a barrel of
vinegar and two boxes of cigars. The theory of the state was
that the property was taken from cars on the Little Rock &
Memphis Railroad. There was testimony tending to show that
the whisky, vinegar and cigars had been shipped from Memphis
on said railroad; that, before the train arrived at Little Rock,
the door of the car containing the property was found to be
open, and the property was missing. One witness for the state
testified that, about the time the property disappeared, he saw
the defendant and certain other parties in the woods with two
barrels of whisky, a barrel of vinegar, and cigars, and that they
said that they had taken them from the train. There was tes-
timony tending to impeach the testimony of this witness. The
defendant testified in his own behalf, and denied fully any con-
nection with or knowledge of the taking of said property. He
was asked if he had whisky in his possession about the time the
property was said to have been stolen, and he answered that he
did have about two gallons. Being asked where he got the
whisky, he replied, in effect, that he had been accused of
illicit distilling, and did not on that account wish to tell
where he obtained the whisky, but stated that he would an-

swer the question if the court required him to answer. As the defendant was under indictment in the federal court for illicit distilling and as he stated he did not want to answer on that account, the circuit judge declined to compel him to answer, but informed him that he could answer if he wanted to answer. The defendant thereupon refused to answer. In his argument to the jury, the attorney for the state insisted that the refusal of the defendant to tell where he got the two gallons of whisky, which he admitted he had in his possession, was evidence of his guilt in this case. To this argument the defendant objected, and, his objections being overruled, the defendant excepted, and afterwards made this a ground for new trial.

*Norton & Prewitt*, for appellant.

A witness is not compelled to answer a question tending to incriminate him. 58 Ark. 473. Hence, when the court had extended this protection to a witness, it is error for the prosecuting attorney to comment upon the failure of witness to answer such question. 8 S. W. 739; 22 S. W. 369; 46 Pac. 153; 67 N. W. 1052; 30 S. W. 390. The jury were exposed to improper influence against defendant. In cases of exposure of jury to outside influence, when such is shown, it devolves upon the state to show that the jury were not influenced thereby. 57 Ark. 8. The uncorroborated testimony of one who has knowingly received stolen goods, as to the fact of the theft, is insufficient to sustain a conviction. 37 S. W. 423.

*E. B. Kinsworthy*, attorney general, for state.

The record fails to show whether the alleged improper statements of counsel for state occurred in the opening or closing argument. The presumption is that they occurred in the opening argument, and were answered by counsel for appellant. The sound discretion of the trial court must govern arguments of counsel, and this discretion is reviewable here only in cases of gross abuse, such as does not appear in this case. 34 Ark. 658; 18 Tex. App. 564; 50 N. W. 570; 71 N. W. 504; 105 Ind. 499; 22 S. W. 1021; 50 Mo. 520; 92 Ind. 477. The affidavits filed to show that improper influence was brought to bear on the jury do not prove such. Under our statute the jury can be examined to establish no other ground for new trial

than that the verdict was made by lot.    29 Ark. 293; 59 Ark.
132; 35 Ark. 109; 37 Ark. 519.    Where the court is satisfied
that improper influences had no bearing on the verdict of the
jury, it is proper to overrule a motion for new trial based on
that ground.    26 Ark. 334; 34 Ark. 341; 29 Ark. 248.

RIDDICK, J., (after stating the facts.)    We are of the
opinion that the argument of the attorney for the state was
improper.    The defendant denied fully any knowledge of the
stolen property or any connection with the taking thereof.    He
admitted that he had about two gallons of whisky in his pos-
session about the time the two barrels of whisky were said to
have been stolen from the cars, but objected to telling how he
obtained it, on the ground that his answer would tend to con-
vict him of the crime of illicit distilling, and, the defendant be-
ing at that time under indictment in the federal court for illicit
distilling, the circuit judge sustained his objection, and refused
to order him to answer.

When the accused testified in his own behalf, his testimony
is the subject of fair comment on the part of the state's attor-
ney, the same as the testimony of other witnesses.    (1 Thomp-
son, Trials, § 646.)    If the attorney for the state had only
called the attention of the jury to the fact that defendant had
not told from whom he obtained the two gallons of whisky, and
asked them to consider his failure to tell in weighing his testi-
mony, we are not sure there would have been ground for objec-
tion; but he went much further than this, and insisted that the
refusal of defendant to answer on the ground that his answer
would tend to convict him of another crime was evidence of his
guilt at the time charged here.    He put defendant in the same
position as if he had refused to testify because his answer would
convict him of the crime under investigation, or as if he had
refused to answer without cause.    But defendant had already
testified that he had no knowledge of the whisky stolen, and
knew nothing about it, and there was nothing to show or tend-
ing to show that his refusal to testify was based on any other
ground than the one stated by him, except the testimony of the
witness for the state.    On the contrary, the defendant, after
having stated his grounds for refusing to answer, expressed a

readiness to answer the question if ordered to do so by the court. We are therefore of the opinion that the jury had no right to draw a conclusion of guilt from his refusal to answer a privileged question. His refusal to answer under such circumstances might affect his credibility as a witness, but was no evidence of his guilt of the ˙crime charged. (1 Thompson, Trials, § 989; *People* v. *Wilson,* 55 Mich. 506.)

The argument of the prosecuting attorney to that effect was improper, and the ruling of; the court refusing to interfere and stop his argument was erroneous, and, we think, under the facts of this case, prejudicial to defendant. We are aware that courts should proceed with caution in reversing a judgment of conviction on account of an improper argument of an attorney, but it will be noticed that we have here, not only an improper argument, but, as we think, an erroneous ruling of; the court allowing and permitting, such argument. If the guilt of the defendant was entirely clear, we might not feel justified in ordering a new trial, but the connection of defendant with the crime rested entirely upon the testimony of one witness for the state, between whom and defendant there was shown to have existed a state of bitter enmity, and whose testimony was contradicted, and who was impeached in other ways. It was still a question with the jury whether they would believe him or not; but, as the jury, under the argument and ruling of the court thereon, may have treated the failure of the defendant to answer the question above referred to as a tacit confession of his guilt, and based their verdict upon such refusal, we think the judgment should be reversed, and a new trial had, and it is so ordered.