## FORT v. STATE.

### Opinion delivered February 11, 1905.

TRIAL — IMPROPER ARGUMENT — PREJUDICE.—When the sole issue in a felony case was as to the mental capacity of accused, and the testimony was conflicting, a statement by the prosecuting attorney to the effect that he had known the accused as long as any of the witnesses, and had never before had any intimation that he was crazy, was prejudicial.

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

Reversed.

STATEMENT BY THE COURT.

Appellant was convicted of grand larceny, and appeals. He is charged with stealing a pair of shoes, trousers and suspenders and $3 in money from J. W. Alexander, a bridge foreman for the railway company, the articles having been taken in the daytime from a boarding car where Alexander had left them while he was engaged in his daily work. He discovered the theft in a short time, and the defendant confessed his guilt, and produced the stolen articles. The only defense offered was the mental incapacity of the defendant essential to the commission of the crime, and several witnesses were introduced whose testimony tended in some degree to establish the defense. The bill of exceptions recites that the prosecuting attorney, in his closing argument, "stated to the jury that this plea of insanity was getting to be mighty common among negroes, and that it was a strange thing to him that this negro had so suddenly gone crazy, because he

himself was raised in Camden, and been here about as long as any of the witnesses, and he had never had any intimation that this negro was crazy until this morning."

*Gaughan & Sifford,* for appellant.

*Robert L. Rogers, Attorney General,* for appellee.

The foundation for the introduction of J. W. Alexander's evidence was properly laid. Greenleaf, Ev. 219; Bish. Crim. Pro. 709.

McCULLOCH, J., (after stating the facts.) It must be conceded that the remarks of counsel for the State were highly improper. In effect, without having testified as a witness, he assured the jury that he had been reared in the city of Camden, had known the accused, and had as good opportunity to know his mental condition as any of the witnesses who had testified, and that he had never before heard that accused was lacking in mental capacity. It is difficult, frequently, for an appellate court to determine how far improper remarks of counsel have prejudiced the rights of the opposing litigant in the trial below, and each case must be determined by its own peculiar circumstances. There have been many decisions of this court on the subject, some holding that the improper remarks of counsel were prejudicial, and some that they were not. *German-American Ins. Co.* v. *Harper,* 70 Ark. 305; *Marshall* v. *State,* 71 Ark. 416; *Carroll* v. *State,* 71 Ark. 403; *Puckett* v. *State,* 71 Ark. 62; *Burks.* v. *State,* 72 Ark. 461. But we cannot say that no prejudice resulted from the improper remarks in this case. The sole issue in dispute, as far as raised by the testimony introduced in behalf of appellant, was as to mental capacity to commit the offense. Both sides introduced proof directed to that point, and we cannot say that the jury were not influenced, in making up their verdict, by the additional weight of the views expressed by the prosecuting attorney as to a matter which he asserted to be within his knowledge, or that, without this statement, the jury would have found that the defendant possessed the requisite mental capacity to make him responsible for the crime.

Therefore the judgment is reversed, and the cause remanded for a new trial.