KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* MURPHY.

Opinion delivered February 18, 1905.

1. OPENING STATEMENT—PROVINCE.—It is the duty of trial judges to see that counsel in their opening arguments confine themselves to a brief statement of their claim or defense and of the evidence which they expect to offer to sustain it. (Page 258.)

2. IMPROPER ARGUMENT—DUTY OF COURT.—The control of the arguments being in the sound judicial discretion of the trial judge, it is his duty to keep them within the record and within the legitimate scope of the privilege of counsel, which he should do on his own initiative; but if he fails to restrain counsel from improper argument, it is the right of opposing counsel to object to the argument. (Page 259.)

3. SAME—OBJECTION AND EXCEPTION.—To an improper argument of counsel the opposing counsel should make definite objection and call for a ruling of the court thereupon; and if the court fails to control the argument with proper bounds, and to instruct the jury to disregard the improper remark, and to admonish the counsel making it, then an exception should be taken. (Page 259.)

4. SAME—WHEN CAUSE FOR REVERSAL.—The appellate court will not reverse a case for an improper argument unless an undue advantage was secured by the argument which has worked a prejudice to the losing party not warranted by the law and facts of the case. (Page 259.)

5. SAME—CASE STATED.—In a suit for the killing of a mule by a railway train, plaintiff's counsel, in his opening statement, said: "I don't know positively what the defense which will be offered will be, but presume that it will be the same old stereotype defense: that the mule ran upon the track, and they did not have time to avoid the killing of the mule after they saw it." Upon objection being raised the court said: "The court is very liberal about the opening statement. It can be contradicted by those who follow." *Held,* not prejudicial error, as the remark was not calculated to carry great weight, and the verdict was supported by the evidence. (Page 260.)

Appeal from Sevier Circuit Court.

WILL P. FEAZEL, Judge.

Affirmed.

*S. W. Moore* and *Read & McDonough,* for appellant.

The remarks of appellee's counsel were improper. 70 Ark. 306; 58 Ark. 368; 61 Ark. 138; 48 Ark. 106. The court erred in refusing to instruct a verdict for appellant. 67 Ark. 514.

HILL, C. J. This is a suit for damages for the alleged negligent killing of a mule by a train of the appellant rail-'oad company. The evidence fully sustains the verdict of the jury against the railroad company, and the instructions were in form and substance in conformity to the decisions of this court on the questions involved, and therefore no useful pur-pose would be conserved in discussing either the facts or instruc-tions. The only question in the case which calls for hesitation in affirming the judgment is the argument of appellee's counsel.

In stating the case preliminary to the testimony, the counsel said: "I don't know positively what the defense which will be offered in this case will be, but presume that it will be the same old stereotype defense; that the mule ran upon the track, and they did not have time to avoid the killing of the mule after they saw it. The law is"— Mr. McDonough: "I object to that statement, your Honor." The Court: "The court is very liberal about the opening statements. It can be con-tradicted by those who follow." Mr. McDonough: "I except." The appellant, it is seen, in proper manner raised the question, first by directing an objection to the argument, thereby calling for and obtaining a ruling by the court, and then excepting to such ruling. This exception is properly brought forward in the motion for new trial.

. Further objection was made to the closing argument in which counsel related an incident illustrative of the feminine characteristic to say, "I told you so." It is not clear whether its application was intended to the "stereotype defense" or some other forecast of the testimony. It was but a bit of pleasantry which counsel desisted from pursuing promptly upon objection being raised, and no ruling of the court was asked upon it, and no exception taken.

Another objection to the concluding argument was made. Counsel for appellee was arguing the law applicable to the facts

from his standpoint when opposing counsel objected to his statement of the law, and said he desired to save an exception. The court replied: "The instructions say what the law is." No exception was taken to this ruling; and, even if the argument had been improper, the court's declaration to the jury to look to the instructions for the law was acquiesced in by appellant, as no exception was taken to this disposition of the objection.

The question recurs as to the argument in the opening statement in which counsel anticipated the defense would be the "same old stereotype one."

The office of the opening statement is: 1. "The plaintiff must briefly state his claim, and the evidence by which he expects to sustain it. 2. The defendant must then briefly state his defense, and the evidence he expects to offer in support of it." Kirby's Dig. § 6196. It is the duty of trial judges to see that counsel in his opening statement confines himself to a brief statement of his claim, or defense, and the evidence he expects to offer to sustain it. *McFalls* v. *State*, 66 Ark. 16; *Marshall* v. *State*, 71 Ark. 415.

There have been many cases in this court involving alleged improper remarks of counsel, and many have been reversed therefor, and others have been affirmed, notwithstanding improper remarks, and in others the remarks in question have been sustained as properly within the privilege of counsel. The subject in its ever-varying form may be found considered in: *Green* v. *State*, 38 Ark. 304; *Little Rock & Ft. S. Ry.* v. *Caveness*, 48 Ark. 106; *Vaughan* v. *State*, 58 Ark. 353; *Holder* v. *State*, 58 Ark. 473; *Woodruff* v. *State*, 61 Ark. 157; *Kansas City, Ft. S. & Memphis Ry. Co.* v. *Sokal*, 61 Ark. 130; *Bennett* v. *State*, 62 Ark. 516; *Union Compress Co.* v. *Wolf*, 63 Ark. 174; *Gossett* v. *State*, 65 Ark. 389; *Redd* v. *State*, 65 Ark. 475; *St. Louis, I. M. & S. Ry. Co.* v. *Waren*, 65 Ark. 626; *McFalls* v. *State*, 66 Ark. 16; *Henshaw* v. *State*, 67 Ark. 366; *Magness* v. *State*, 67 Ark. 594; *Elder* v. *State*, 69 Ark. 648; *Prescott & Northern Ry.* v. *Smith*, 70 Ark. 179; *German Ins. Co.* v. *Harper*, 70 Ark. 306; *Marshall* v. *State*, 71 Ark. 415; *Puckett* v. *State*, 71 Ark. 62; *Willyard* v. *State*, 72 Ark. 139; *St. Louis, I. M. & S. Ry. Co.* v. *Boback*, 71 Ark. 427; *Lee* v. *State*, 73 Ark. 148; *Burris* v. *State*, 73 Ark. 453; *Fort* v. *State*,

74 Ark. 210; and probably other cases in the reports. No iron-clad rules can be laid down on the subject, but there are definite guides to arrive at the solution of the question whether the objectionable remarks present ground for reversal.

From the above cases these propositions may be deduced: The control of argument is in the sound judicial discretion of the trial judge, and it is his duty to keep it within the record and within the legitimate scope of the privilege of counsel, and this he should do on his own initiative; if he fails to restrain counsel, then it is the right of opposing counsel to object to the argument. This should be a definite objection to the alleged improper remarks, and call for a ruling of the court thereupon; and if the court then fails to properly restrain and control the argument within its proper bounds, and to instruct the jury to disregard any improper remarks and admonish the counsel making it, then an exception should be taken to the action of the court. A mere exception to argument interposed to make a record in the appellate court, and not calling for a ruling of the trial court, is insufficient.

When the ruling of the court is presented to the appellate court in proper manner, then it is the duty of the appellate court to look to the remarks, and weigh their probable effect upon the issues; then to the action of the trial court in dealing with them; and if the trial court has not properly eliminated their sinister effect, and they seem to have created prejudice, and likely produced a verdict not otherwise obtainable, then the appellate court should reverse. However, a wide range of discretion must be allowed the circuit judges in dealing with the subject, for they can best determine at the time the effect of unwarranted argument; but that discretion is not an arbitrary one, but that sound judicial discretion the exercise of which is a matter of review. There is, however, a class of cases which present argument and remarks so flagrantly prejudicial, or counsel may be so persistent in their impropriety, that the commendable efforts of the trial judge to eradicate the evil effects of them will be unavailing. In such event, then, a new trial is the only way to remove the prejudice, notwithstanding the judge may have reprimanded, or even fined, the

offending attorney, and positively and emphatically instructed the jury to disregard the prejudicial statements.

In the final analysis, the reversal rests upon an undue advantage having been secured by argument which has worked a prejudice to the losing party not warranted by the law and facts of the case. In the one class of cases the reversal rests upon the abuse of the discretion of the trial judge in not confining the argument within its legitimate channel, and not properly instructing upon it or sufficiently reprimanding or punishing the offending attorney; and in the other or exceptional class rests upon the extremely harmful nature of the remarks which cannot be cured other than in a new trial upon the merits of the case freed of extraneous prejudice.

In the case at bar the argument was improper, but not one calculated to carry great weight. The anticipation of a "stereotpe defense" was not a statement of the plaintiff's claim nor the evidence to support it, and the court should have been more emphatic in dealing with it. The court did not sustain the objection, nor approve the argument, but rather indicated it was improper by saying that he was liberal with opening statements because they could be contradicted by those who follow. While this is not a fulfillment of the rule frequently announced by this court, yet it cannot be said that it was in this case an abuse of discretion to so treat these remarks; and an examination of the evidence indicates that the verdict was responsive to it, and not to these extraneous remarks.

The judgment is affirmed.

WOOD, J., (dissenting.) It is stated in the opinion that the "evidence fully sustains the verdict." This is correct only upon the assumption that the jury might have disregarded the testimony of the engineer and fireman. The testimony of these witnesses makes a clear case of accidental killing. The engineer, in substance, testified that he was going north; that it was in the night; that there was a road crossing between 200 and 250 yards south of where the animal was killed, and that he whistled at the road crossing; that he saw a white animal pass suddenly across in front of his engine just as he rounded the curve; and just as he reached the point where this animal had

passed in front of his engine he felt the engine strike something. He never saw but the one animal.  He stated that as best he could tell the engine struck something on the left side.  The testimony of the plaintiff's witnesses showed that the animal was a dark mule colt, 2 years old.  The engineer further testified that it was impossible for him to have stopped the engine from the time that the white mare came in view until he reached the point where the mare was, and that there was no occasion for stopping, as he saw the mare pass across where the animal was injured, and that no other animal was in view.  The fireman corroborated the testimony of the engineer.  If the jury had believed their testimony, the verdict must have been for the appellant.  It is conceded in the opinion that the remarks of counsel were "improper," and it is said that the court should have been more "emphatic in dealing with them."  Still, the judgment is not reversed on account of the error; the court saying that the "verdict is responsive to the evidence, and not to the improper remarks."  But how does this court know that? The testimony of the witnesses for appellant was evidence in the case.  The appellant, of course, had the legal right to present its evidence, and have the jury to consider it.  It was within the province of the jury to disbelieve it, and this they must have done, or their verdict would have been for the appellant.

Now, who can say why the jury did not believe the witnesses for appellant?  Who can say that the erroneous remarks did not prejudice the minds of the jury against the witnesses for appellant?  These remarks were well calculated, and doubtless were intended, to have that effect.  To say that appellant would present "the same old stereotyped defense that the mule ran upon the track, and they did not have time to avoid the killing after they saw it," was but a charge, indirectly if not directly, of corruption on the part of appellant.  If appellant had a fixed defense which it used on all occasions, regardless of what the merit or truth of the matter might be, then clearly it was in the habit of corrupting its witnesses.  For, in order to present this "stereotyped" defense on all occasions, its witnesses must be prepared for it.  The language was derogatory to appellant and its witnesses.  Certainly, the remarks could have had no other effect than to disparage the cause of appellant,

and prejudice the minds of the jury in advance against whatever defense it might make, and also against the witnesses it might call to testify. If the trial court had stopped counsel, or had excluded the improper remarks, or had signified its disapproval of such statement, and instructed the jury to disregard same, I should not hesitate to say that the error was cured But the trial court, it appears, in response to the improper argument, not only permitted it, but even sanctioned it. The court had no right to be "liberal" in permitting counsel to go beyond the plain provisions of the statute in his opening statement.

As the error was palpable, and no attempt whatever was made to cure it, and as there was great conflict in the evidence, it seems to me, with the utmost respect for the majority, that we must reverse on account of it or else in effect overrule the cases which hold that where error occurs a reversal must follow, unless it affirmatively appears that no prejudice resulted. In other words, on review here to correct errors, if an error appears in the record, it will be presumed that prejudice resulted, unless the contrary is affirmatively shown. *Magness* v. *State,* 67 Ark. 594; *St. Louis & S. F. R. Co.* v. *Crabtree,* 69 Ark. 134.