## WHIT *v.* STATE.

### Opinion delivered March 18, 1905.

TRIAL—IMPROPER ARGUMENT—PREJUDICE.—A conviction of voluntary manslaughter in a prosecution for murder will not be set aside on account of an alleged improper argument of the prosecuting attorney if the view of the testimony most favorable to defendant that could have been taken sustained a conviction of the former degree of homicide.

Appeal from Nevada Circuit Court.

JOEL D. CONWAY, Judge.

Defendant was indicted for murder, and convicted of voluntary manslaughter. Affirmed.

Defendant's attorney in his argument to the jury said that two witnesses testified that defendant and deceased both began to strike at each other at the same time, and three witnesses testified that deceased did not strike at defendant at all. "Now,

*you* do not know, and cannot know, which told the truth. I do not know. I do not know, nor does the prosecuting attorney know, which statement is correct. This state of evidence necessarily raises a doubt in your minds as to whether or not deceased was offering to do violence to the defendant and to do him great bodily harm. Therefore, under this testimony and under instructions of the court (referring to the instructions on reasonable doubt, which he had just read to the jury), there is a reasonable doubt in this case, and you should acquit the defendant." In reply to this argument the prosecuting attorney read to the jury an instruction given on behalf of the State relative to the burden of proof when the killing was proved, being in the exact language of the statute (Kirby's Dig. § 1765), and said, after reading the instruction, that under the evidence in this case, and the law, the burden of the proof is on the defendant to remove· the doubt that his attorney referred to. To this statement the defendant objected, and the court told the jury to be governed by the instructions and the evidence in the case, and told the prosecuting attorney to proceed, and the defendant excepted.

In the same speech the prosecuting attorney further said: "In this case, the killing being proved, the burden of the proof rests upon the defendant; and therefore the law on reasonable doubt is against him." To this remark the defendant at the time objected, and the court told the prosecuting attorney to proceed with his argument, and the defendant excepted.

*J. O. A. Bush,* for appellant.

On a plea of self-defense when the defendant offers proof in support of his plea in quantity and quality sufficient to raise in the minds of the jury a reasonable doubt as to his guilt, he is entitled to the benefit of that doubt. 23 Mont. 163; 1 McClain, Cr. Law, § § 179, 316.

*Robert L. Rogers, Attorney General,* for appellee.

HILL, C. J. Tom Whit was indicted by the grand jury of Nevada County for murder in the first degree, charged with the killing of Walter Ellis. He was tried on the indictment, and convicted of voluntary manslaughter, and sentenced to four years in the penitentiary, and has obtained an appeal to this court.

The only question which his counsel presents to the court is the alleged improper argument of the prosecuting attorney and the failure of the court to restrain the argument. The Reporter will set out the argument and action of the court. As stated in the recent case of *Kansas City So. Ry. Co.* v. *Murphy,* 74 Ark. 256, touching reversals for improper argument: "In the final analysis the reversal rests upon an undue advantage having been secured by argument which has worked prejudice to the losing party not warranted by law and the facts of the case."

Therefore, the first question here is whether, conceding the argument to have been improper and misleading, has it worked prejudice? The only witnesses to the tragedy were introduced by the State; the defendant's witnesses only going to questions of character and to statements of the deceased and of witnesses and unfriendly relations of the State's witnesses. The testimony of some of the State's witnesses made out a case of murder, while the testimony of the others made a case of voluntary manslaughter. The least probative force to be given to the most favorable testimony for the defendant convicts him of voluntary manslaughter. The jury have taken the most lenient view of the testimony, and no prejudice has been done the defendant by this argument. This is the only question presented by counsel in his brief, yet there are other matters presented in the motion for new trial, and, while stressing this one, counsel has not intended to abandon the others. They have all been considered, and the court is unable to find where any of them could have worked any prejudice to the appellant.

The judgment is affirmed.