## ENGLISH v. ANDERSON.

Opinion delivered June 10, 1905.

TRIAL—IMPROPER ARGUMENT.—A verdict which appears to be against the preponderance of the evidence will be set aside where appellee's counsel made statements highly prejudicial to appellant and not supported by the evidence, if the trial court, in answer to appellant's objection, merely stated that such statements were improper, and then permitted counsel to repeat them without reprimand.

Appeal from Sharp Circuit Court, Western District.

. JOHN W. MEEKS, Judge.

Reversed.

*John B. McCaleb, Sam H. Davidson* and *D. L. King,* for appellant.

The remarks of counsel for appellee were highly improper. 44 Wis. 282; 48 Ark. 106; 58 Ark. 368, 473; 61 Ark. 130; 63 Ark. 174; 6 Ark. 626; 70 Ark. 179, 305; 67 Ark. 366, 516; 74 Ark. 256.

HILL, C. J. The appellant English sued appellee, Anderson, alleging that Anderson as his tenant failed to cultivate his farm in a husbandlike manner, in violation of the contract of rental; that he injured his orchard by allowing cattle to break into and eat the branches, and break down the trees, and that he suffered the trees to be cut, broken down, etc., and that he burned the rails from his fences, and polluted his cistern, and did other specific acts of injury, for which he prayed damages, specifying the amount of each item. Anderson denied all allegations of injury, and the issues were tried before a jury, who found in favor of Anderson. It cannot be said that the verdict is without evidence to support it, yet a great preponderance of the evidence is against the verdict, which does not seem responsive to the evidence on the issues before the jury. This, of course, is not ground for reversal, but it does lend weight to the errors

assigned in regard to the argument of counsel for the prevailing party. The record shows the following:

George G. Dent, Esq., one of the attorneys for appellee, in opening his case, stated to the jury that he expected to prove "that plaintiff had damaged his orchard himself;" "that plaintiff had poisoned his own well;' "that he (plaintiff) had his wife's life insured, and that he poisoned the well for the purpose of poisoning her and collecting the insurance," and that "plaintiff had killed and poisoned another party." Appellant, by attorney, objected to this language at the time, and asked the court to withdraw it from the jury, and thereupon the court, in a mild manner and tone of voice, stated to the attorney that the remarks were not proper, and said to the jury, in the same tone, not to consider said remarks.

The evidence was then produced to the jury, the court delivered the instructions of law, and the case was argued by the attorneys for both parties. In his argument to the jury, appellee's attorney, Dent, stated that "he had not proved the statements he asserted in opening that he expected to prove to the jury, for the reason that the court would not permit him to do so, but that he could have done so if permitted, and that said statements were true." The appellant at the time, by his attorneys, objected and excepted to these statements, the court at the time of appellant's objections stating to said attorney for appellee, in a mild tone of voice, that such argument was not proper, whereupon said attorney said that he "apologized for said statement," but, "that plaintiff was one of the meanest men who ever came into a court of justice;" "that he had destroyed his own trees, and had poisoned his own cistern, and that the evidence warranted him in saying so." And Hon. W. A. Turner, one of the attorneys for appellee, in arguing said case before the jury, asserted that "he was warranted in saying, from the evidence, that the plaintiff had destroyed his own orchard; that he believed this, and was warranted in believing it from the evidence in the case." The record fails to disclose any offer of testimony to support any of the charges. Evidence that English injured his own cistern, of course, would have been competent, but not the charges of murder. There is absolutely nothing in

the record to warrant any of these remarks. Anderson's testimony is confined to denials and explanation of the evidence against him, and some of his witnesses are corroborative of him, and some are corroborative of English's evidence.

These assertions, therefore, were wholly unwarranted, and were attempts of counsel to make witnesses of themselves of matters without the record. The court fell short of the duty imposed on him to enforce the argument in legitimate channels and permitted repetitions of it, in offensive and denunciatory terms, after his mild admonitions to counsel to desist. Even if. the court had acted emphatically, it is doubtful if the sinister effect of these remarks could have been eradicated.

This subject has recently been gone into fully in the cases of *Kansas City Southern Ry. Co.* v. *Murphy,* 74 Ark. 256, and *Day* v. *Ferguson,* 74 Ark. 298. Applying the principles therein stated, the court is of the opinion that an undue advantage has been secured by this argument not warranted by the law or facts of the case.

Reversed and remanded.