REESE v. STATE.

Opinion delivered June 17, 1905.

TRIAL—ARGUMENT.—In a prosecution for conducting an illicit liquor business the prosecuting attorney made this statement: "A blind tiger man will swear a lie any time. * * * Any man that will run a blind tiger will swear a lie to beat the law." *Held*, without approving the language, that it was not reversible error.

Appeal from Howard Circuit Court.

JAMES S. STEEL, Judge.

Affirmed.

*Feazel & Bishop*, for appellant.

The remarks of the prosecuting attorney were improper and prejudicial. 38 Ark. 368; 48 Ark. 106; 65 Ark. 625; 71 Ark. 418.

*Robert L. Rogers, Attorney General*, for appellee.

HILL, C. J. These three cases present but one question, and it is practically the same in each case. The prosecuting attorney, in his closing argument, said:

"That, in considering the testimony of the defendant, the jury should take into consideration his interest in the result; should consider whether his statement was made in good faith, or merely to avoid conviction; that he (the prosecuting attorney) would not believe any man on oath who would deliberately violate the law by running a blind tiger; that, if he would violate the law in that respect, he would not hesitate to swear a lie to get out of it."

His closing argument in another of the cases contained this statement:

"A blind tiger man will swear a lie any time. This man, John F. Reese, is not worthy of belief. Any man that will run a blind tiger will swear a lie to beat the law."

On objection made by the defendant, the court declined to interfere with the argument, and, preserving proper exceptions, the cases are brought here for review.

These statements of the prosecuting attorney are nothing but the expressions of his individual opinion, stated in over-forcible terms. The statements do not fall within that class of statements where the attorney makes a witness of himself in his argument, and states facts without the record. These cases may be found discussed in *German-American Ins. Co.* v. *Harper,* 70 Ark. 305; *Fort* v. *State,* 74 Ark. 210; *English* v. *Anderson,* 75 Ark. 577.

An attorney undoubtedly has a right, if his taste and judgment calls for it, to express his individual opinion freely in discussing the facts in evidence, so long as he couches his remarks in language befitting his high profession and the place of its utterance—a temple of justice.

In this case the prosecuting attorney was at perfect liberty to express his opinion freely as to all matters in evidence attacking the credibility of the defendant as a witness, provided he framed his argument in proper language and manner. This addressed itself to him in the first place; to the trial judge in the second place; and lastly to this court, not to pass on its propriety, taste or elegance, but merely to pass on whether the circuit judge abused his discretion in permitting it, and whether it worked a prejudice to the defendant not warranted by the law or facts of the case. Without approving the language used in expressing his opinion of the testimony of the defendant, the court is of opinion that there is no reversible error in it. The court hopes that attorneys, especially those representing the State of Arkansas, who act in a *quasi* judicial role, will couch their expressions of opinion in language less intemperate and denunciatory, and that the circuit judges will require it of them. Instances may arise of excesses in this line calling for reversal, but this case is not such an instance.

The judgments are affirmed.