BELL v. STATE.

## Opinion delivered October 21, 1907.

1. HOMICIDE—INDICTMENT—VARIANCE.—Where an indictment for murder alleged that defendant killed one J. E. B. by shooting him with a pistol, and that from the effects of a wound so inflicted the said T. J. B. did then and there die, the variance as to the initials of the deceased was a clerical misprision, and was properly disregarded. (Page 128.)

2. SAME—EVIDENCE.—It was not error to refuse, in a murder case, to permit defendant to prove an alleged statement made by deceased to another that the latter ought to stand up for his rights, that people beat him out of a whole lot; the statement not being in the nature of a threat nor having reference to the defendant. (Page 129.)

3. TRIAL—IMPROPER ARGUMENT—OBJECTION AND EXCEPTION.—It was not sufficient merely to object to an improper argument of appellee's counsel; appellant should have called for a ruling of the court there-on, and if the court failed to restrain counsel an exception should have been taken. (Page 129.)

Appeal from Sevier Circuit Court; *James S. Steel*, Judge; affirmed.

*Will Steel, Nichols & Steel* and *W. H. Collins*, for appellant.
*William F. Kirby*, Attorney General, and *Daniel Taylor*, for appellee.

McCULLOCH, J. Appellant, J. R. Bell, appeals from a judgment of conviction of the crime of murder in the second degree, his punishment having been fixed by the jury at seven years' confinement in the penitentiary. The indictment (omitting caption and formal part) is as follows:

"The said defendant, in the county and State aforesaid, on the 20th day of January, 1907, unlawfully, willfully, feloniously, and of his malice aforethought, did kill and murder one J. E. Britt by then and there shooting him, the said J. E. Britt, with a pistol loaded with gunpowder and leaden balls, and then and there held in the hands of him the said J. R. Bell, and from the effects of the wound then and there so inflicted the said T. J. Britt did then and there die, against the peace and dignity of the State of Arkansas."

The defendant filed a demurrer, and also a motion to quash the indictment, on the ground that the several allegations were

at variance, it being charged therein that J. E. Britt was shot by the defendant, and that T. J. Britt died from the effects of the wounds. This was a clerical error in the preparation of the indictment, and the court properly disregarded it.

Error of the court is assigned in refusing to permit the defendant to prove an alleged statement made by Britt to one Hudson that "you (Hudson) ought to stand up for your rights; people beat you out of a whole lot."

The killing occurred at Britt's house. He was the tenant of Hudson and Tom Bell, appellant's father, had been one of Hudson's tenants the previous year. Tom Bell owed Hudson a balance on rent, and left a lot of corn with the latter to be held until this rent should be paid. Hudson left the corn in Britt's charge, and instructed him not to allow the corn to be taken away without an order from him. He also promised to sell the corn to Britt if Bell did not pay the balance on rent and take it back. Subsequently Bell and Hudson made a settlement, and Hudson gave Bell an order for the corn. Bell and his son, the appellant, went to Britt's house to get the corn, and the killing occurred there. Bell failed to present the order given him by Hudson, and Britt refused to allow the corn to be taken. Appellant said to his father: "Why don't you go and get the corn?" Britt then said to appellant: "Why don't you get it?" A controversy was thus provoked between appellant and Britt, and appellant drew a pistol from his bosom and shot Britt, they having in the meantime advanced toward each other in a threatening attitude. There is some conflict between the witnesses as to the circumstances, but the foregoing are substantially the facts established by the testimony. Britt was unarmed at the time, and there is no evidence that he was about to do appellant any serious bodily harm.

Now, we can not see that the statement of Britt to Hudson, excluded by the court, was material. In the first place, it does not seem that the remark related especially to the Bells, and for this reason, if for no other, it was not material. But, if it had done so, it was not in the nature of a threat, and could have shed no light on the circumstances as to the material facts. No error was committed in excluding the remark.

Exception was also taken to a remark made by the prosecuting attorney in his argument to the jury, as follows: "I

asked Tom Bell yesterday if he made that statement." Tom Bell was introduced as a witness by the defendant, and was cross-examined by the prosecuting attorney concerning an alleged contradictory statement made by him before the grand jury. It does not appear from the record whether the remark of the attorney related to a question propounded to Tom Bell out of court or in his cross-examination before the jury. The transcript of Bell's cross-examination does show, however, that such a question was asked of him while on the witness stand. Nor does the record disclose that the prosecuting attorney undertook to state what Bell's reply was to the question. Nor that defendant's counsel appealed to the court to exclude the remark. They contented themselves, so far as the record shows, merely with an exception to the remark. This is not sufficient, even if it appeared affirmatively that the remark was improper, *Kansas City So. Ry. Co.* v. *Murphy,* 74 Ark. 256.

Error of the court is assigned in refusing to give instructions numbered four and ten on the subject of reasonable doubt. The court gave three instructions on this subject asked by appellant's counsel, and they were sufficient to cover the question. Instructions numbered eight on the subject of killing to prevent the commission of a felonious assault by deceased, and instruction numbered twelve on the subject of accidental killing were both properly refused because there was no evidence to warrant them.

Other exceptions in the motion for new trial are argued in the brief, but it does not appear that they were noted in the record, and they can not, therefore, be considered.

There is nothing in the record showing any improper ruling of the court to the prejudice of the defendant. He had a fair trial, and was convicted by the jury upon evidence which fully warranted the verdict.

The judgment is therefore affirmed.