JOHNSON v. STATE.

Opinion delivered June 4, 1917.

1. TRIAL—IMPROPER ARGUMENT.—Where testimony has been introduced without objection, it is proper for counsel to comment on the same in argument.

2. TRIAL—IMPROPER ARGUMENT.—Argument of counsel, in a prosecution for assault with intent to rape, not having been objected to, *held* not to be such as to require the court to act on its own motion.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Calvin Sellers,* for appellant.

1. The remarks and conduct of the prosecuting attorney were improper and prejudicial. 70 Ark. 305-7-8; 74 *Id.* 209, 260. It would have been useless to object. 123 Ill. 333; 70 Ark. 305-7, etc.; 58 Ark. 481; 67 *Id.* 370; 95 Mo. 652. The court's admonition did not remove the prejudice. 58 Ark. 368; 77 *Id.* 238. See also 2 Cyc. 711, 713; 74 Ark. 256.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

No objections were made, nor exceptions saved to the remarks. The first remark merely stated a fact clearly proven. Any evil effect was removed by the action of the trial court. The second remark, while inelegant, was not improper nor prejudicial. It was a mere expression of opinion. 76 Ark. 280; 102 *Id.* 393; 93 *Id.* 443; 94 *Id.* 548; 77 *Id.* 73; 95 *Id.* 172; 91 *Id.* 576; 95 *Id.* 321; 76 *Id.* 39; 70 *Id.* 305; 74 *Id.* 210; 75 *Id.* 577. As to objections, see 84 Ark. 128; 79 *Id.* 25; 66 *Id.* 16; 74 *Id.* 355; 56 *Id.* 488.

WOOD, J. Appellant was convicted on an indictment in proper form charging him with the crime of an assault with intent to commit rape and sentenced to three years in the State penitentiary, and brings this appeal.

There was testimony on behalf of the State, to which no objection was urged by the appellant, tending to show

that the appellant had, on a former occasion, entered a plea of guilty to pandering, committed by carrying the sister of the prosecuting witness out of the State, and that on such plea of guilty he had served a term in the State penitentiary. The record shows the following: ''The prosecuting attorney, in the closing argument, stated to the jury that the defendant had ruined the sister of the prosecuting witness. The defendant at the time objected or was attempting to make an objection to the court when the prosecuting attorney turned to the attorney for the defendant and in a loud and angry tone cried, 'Sit down,' and continued his argument to the jury. The court was forced to call upon the prosecuting attorney two or three times before succeeding in stopping the argument then being made. The court then instructed the jury that they should not consider the argument. And to the argument and conduct of the prosecuting attorney the defendant at the time excepted.

''In closing the final argument to the jury the prosecuting attorney used the following language: 'If I had a hen snake I would not turn it loose unprotected in the same quarter section with Green L. Johnson.' No objection was made to such argument and no admonition or instruction given the jury that such argument was improper and should not be considered by them. The statement was the closing sentence of the final argument to the jury.''

(1) The testimony to the effect that appellant had previously been charged with the offense of pandering, committed by carrying the sister of the prosecuting witness out of the State, having been introduced without objection, the argument based on such testimony by the prosecuting attorney was not improper, but, if it had been, the instructions to the jury not to consider the argument were sufficient to cure the error.

(2) No objection was made to the concluding sentence of the closing argument of the prosecuting attorney, but notwithstanding this fact counsel insists that

the court should have interrupted the prosecuting attorney *sua motu* and rebuked him and instructed the jury not to consider the same, and that the failure of the court to do so was error for which the judgment should be reversed. While the remarks are couched in language that was well calculated to shock the sensibilities of refined people, they were not of so flagrant a character as necessarily to result in prejudice to appellant. It will be observed that the remarks did not purport to set forth any fact as having been adduced in evidence or any fact in the knowledge of the prosecuting attorney; nor was there any epithet or words of personal abuse indulged in concerning appellant, or to characterize his conduct as shown by the evidence. The language was only to set forth a highly imaginative and exaggerated personal opinion of the district attorney as to the wicked and abandoned lechery of the appellant. But when closely scrutinized it reveals nothing more nor less than the expression of the commonwealth's attorney's opinion as to the lascivious proclivities of the appellant. If the hyperbole indulged in by the district attorney was so obscene as to shock the sensibilities of the trial jurors, the result most likely would have been to create in the minds of the jurors a disgust for the argument of the prosecuting attorney, because he had seen proper to address them in such coarse and unbecoming language. To say the least, we are unable to see that the bad manners or bad taste of the district attorney in his utterances before the court and jury could have had any effect whatever in causing the jury to return a verdict of guilty.

"In the final analysis, the reversal rests upon an undue advantage having been secured by argument which has worked a prejudice to the losing party not warranted by the law and facts of the case." *Kansas City Southern Ry. Co.* v. *Murphy,* 74 Ark. 256, 260.

There is no reversible error in the record, and the judgment must therefore be affirmed.