MISSOURI PACIFIC RAILROAD COMPANY v. KELLAR.

Opinion delivered April 20, 1925.

APPEAL AND ERROR—ADMISSION OF INCOMPETENT EVIDENCE—HARM-LESS ERROR.—Error of the court in admitting the testimony of a child under ten years of age, in violation of Crawford & Moses' Dig., § 4146, is cured by emphatic and unmistakable direction to the jury to disregard such testimony for all purposes, where there was other testimony sufficient to sustain the verdict.

Appeal from Conway Circuit Court; *J. T. Bullock*, Judge; affirmed.

*Thomas B. Pryor* and *Vincent M. Miles*, for appellant.

*Edward Gordon*, for appellee.

WOOD, J. This is an action by the appellee, the father and next friend of Cecil Faye Kellar, a minor, against the appellant, to recover damages for a personal injury. Cecil Faye Kellar was offered by his counsel as a witness. Thereupon counsel for appellant stated that he was not familiar with the statute, and asked counsel for appellee what was the age of the witness. Counsel for the appellee then asked the witness his age, and witness stated that he was nine years old. The court then read the statute prescribing that "infants under the

age of ten years, and over that age if incapable of under-
standing the obligation of an oath, shall be incompetent
to testify.  Section 4146, Crawford & Moses' Digest.  The
court then asked the attorney for the appellee if he
insisted on taking the testimony, and, upon an affirmative
answer, the court instructed him to proceed.  Counsel
for appellant thereupon objected, and the court stated
that he was of the opinion that the testimony was incom-
petent, but he would reserve a ruling until later, and, in
the meantime, the witness might proceed with his testi-
mony.

Several other witnesses testified on behalf of the
appellee and the appellant.  At the conclusion of all the
testimony the record shows the following occurred:

"Mr. Miles, attorney for defendant:  Here is what
I want.  At the conclusion of the testimony, counsel for
the plaintiff agreed with the court that the court should
exclude the evidence of this witness (Cecil Faye Kellar),
and that they would not save an exception to the action
of the court in that regard.  The defendant stands on its
former objection and exception to the testimony of Cecil
Faye Kellar.

"By Mr. Gordon, for plaintiff:  Let the record show
that the defendant did not, at the conclusion of the testi-
mony, request the court to rule upon the question of
whether the testimony of Cecil Faye Kellar was admis-
sible or ask any instruction of the court upon that ques-
tion.

"By Mr. Miles:  The defendant, at the conclusion
of all the testimony in the case, asks the court, if it
changes its former ruling and holds that the testimony
of Cecil Faye Kellar is incompetent, to withdraw the
case from the jury and declare it a mistrial, because the
testimony of Cecil Faye Kellar is incompetent.  The
defendant has objected and saved its exceptions.  If the
court lets the case go to the jury with the exception, the
defendant is satisfied.  If the court withdraws the testi-
mony from the jury, the error already committed cannot

be cured, and the defendant asks the court to declare a mistrial and continue the case for the term.

"Ruling by the Court: Gentlemen of the jury, the court reserved a ruling on the admissibility of the evidence of the little boy, who was shown to be nine years old, I believe, by some of the testimony; and Mrs. Kellar his mother, testified that he was eight years old when he was injured, but he is nine years old now. The law provides that, in civil cases, an infant under ten years of age is not capable of testifying. The court has notified the attorneys of his opinion on that; and the attorney for the defendant in this case asks the court to declare a mistrial, and the court overrules that request, and instructs you not to consider that testimony at all for any purpose, because it is inadmissible. It isn't the law. And if it were to go to you without this admonition, why, the court is of the opinion that the Supreme Court would reverse the case if you found a judgment in favor of the plaintiff—that it would be reversible error, and the court made a mistake in permitting it to be introduced until he further investigated it. And, on further investigation, the court is convinced that he was right in his first impression, declaring it incompetent. There may be some difficulty some time to eradicate from the mind the impression that is made from testimony that is already introduced. The court tells you now to disregard everything that the little boy who was injured, or alleged to have been injured—disregard everything that he said in his testimony, because it was a mistake in admitting it in the first place."

The jury returned a verdict in favor of the appellee in the sum of $500. The court rendered judgment against the appellant for that sum, from which is this appeal.

Two witnesses testified, corroborating the testimony of young Kellar, to the effect that he was at the railroad crossing, waiting for the train to pass, when the employees on the engine caused the steam to be emitted therefrom that caused the injuries to young Kellar. If there

had been no other testimony than that of young Kellar himself as to the place and manner of his injury, then, to be sure, the rulings of the trial court, as disclosed by the above record, would be prejudicial error. But the erroneous ruling of the trial court in permitting the witness to testify, and any effect that such testimony might have had on the minds of the jury in favor of the appellee, were completely eradicated by the emphatic and unmistakable direction of the court to the jury to disregard everything that young Kellar had said, and not to consider his testimony at all for any purpose. To hold otherwise, it occurs to us, would be to impeach the jury of a lack of that intelligence and impartiality which the ordinary juror always is presumed to possess.

We see nothing in the conduct of the counsel for appellee or the trial court that is calculated to prejudice the rights of the appellant. The error was not of that flagrant character which could be said to have inflamed the minds of the jurors and aroused their passions or prejudice so as to cause them to disregard the trial court's instructions, which they were sworn to obey. The facts do not bring the case within the doctrine of the exceptional class of errors at the trial recognized in the case of *Kansas City Southern Ry. Co.* v. *Murphy*, 74 Ark. 256-70, relied upon by appellee. The judgment is therefore correct, and it is affirmed.