690

5-3317                                                    384 S. W. 2d 256

Opinion delivered November 23, 1964.

*Thomas & Finch,* for appellant.

*Joe P. Melton,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a divorce and custody decree. Appellee Quenton Palmer filed suit for divorce in Lonoke Chancery Court on May 9, 1963, against appellant Dorothy Palmer, alleging indignities and praying permanent custody of the parties' eight year old daughter. Appellant answered, denying appellee's allegations and counterclaimed for divorce, alleging indignities, adultery and drunkenness, and that appellee obtained custody of their daughter by removing the child without appellant's knowledge or consent, and asked, *inter alia,* for custody and child support. The case was tried September 27, 1963, and the court decreed a divorce. Custody of the child was awarded appellee with the right of visitation to appellant, and appellee was ordered to pay appellant $75.00 and "the following personal property—1 blanket—1 cedar chest—1 table lamp and all of her clothes. Pay her attorney $75.00 as his fee." From the decree comes this appeal.

For reversal appellant contends, first, that the trial court "erred in awarding what amounted to 100% of the property to appellee." Ark. Stat. Ann. § 34-1214 (Repl. 1962) provides:

"In every final judgment of divorce from the bonds of matrimony granted to the husband, an order shall be made that each party be restored to all property not disposed of at the commencement of the action, which either party obtained from or through the other during the marriage and in consideration or by reason thereof; .. ." The testimony regarding property was conflicting, appellee testifying that he "didn't know what she [appellant] did with her money" earned during the marriage, and appellant testifying that she helped pay bills and contributed her wages to payment of household expenses and purchases of appellee's car, furniture and appliances. It was undisputed that appellant owned as her separate property the personalty awarded her by the court. This court said on an identical point in *White* v. *White,* 228 Ark. 732, 310 S. W. 2d 216:

"At any rate, considering the fact that the witnesses were before the court, where the chancellor had the opportunity to observe their demeanor and attitude from the witness stand, we are unable to say that the court's holding was against the preponderance of the testimony, and without so finding, Mrs. White cannot prevail."

Appellant next urges that the trial court erred in allowing Regina Palmer, age eight, to testify. Ark. Stat. Ann. § 28-601 (Repl. 1962) states:

"All persons except those enumerated herein shall be competent to testify in a civil action. The following persons shall be incompetent to testify:

"First: Infants under the age of ten [10] years, and over that age if incapable of understanding the obligation of an oath."

After appellant's objection to the child's testimony, the court permitted appellee to question the child, who was not put under oath. The court was clearly in error in

permitting a child under ten to testify in a civil suit. *St. Louis I. M. & S. R. Co.* v. *Waren,* 65 Ark. 619, 48 S. W. 222; *Beal-Doyle Drygoods Co.* v. *Carr,* 85 Ark. 479, 108 S. W. 1053; *Lamden* v. *St. Louis S. W. Ry. Co.,* 115 Ark. 238, 170 S. W. 1001; *Missouri Pacific R. Co.* v. *Kellar,* 168 Ark. 626, 271 S. W. 7. On appeal, however, chancery cases are tried de novo on the record before us and all incompetent testimony is excluded. *Rutherford* v. *Casey,* 190 Ark. 79, 77 S. W. 2d 58. Recounting the indelicate testimony would add no merit to this opinion. Suffice it to say that there was more than sufficient competent testimony on which the chancellor could find that appellee was entitled to a divorce and, further, on which the court could—and did—grant appellee custody of the minor child of the parties.

Affirmed.