## DAY v. FERGUSON.

Opinion delivered February 18, 1905.

TRIAL—IMPROPER ARGUMENT—PREJUDICE.—An improper reference, in argument by an attorney, to the race of a party, made with intent to excite feeling against him, will not call for reversal in a case where there was no close issue of fact, if the court instructed the attorney to desist from such argument, and directed the jury to disregard it.

Appeal from Clay Circuit Court, Western District.

FELIX G. TAYLOR, Judge.

Affirmed.

Ed. Jacobs held judgment against C. T. & J. L. Jones, under which he procured successive executions to be levied upon certain logs and pilings as their property. As often as the sheriff made levies, replevin suits were instituted by the appellees, Ferguson & Wheeler, who claimed the logs, against D. P. Day, the officer who made the levies.

It is conceded that the logs in controversy were in the hands of Ferguson & Wheeler when levied on. The evidence was to the effect that it belonged to them. There was no evidence to prove that it belonged to C. T. or J. L. Jones. The testimony as to the piling, which was worth $18, is set forth in the opinion on rehearing. Plaintiffs had judgment below, for both logs and piling, from which defendant appealed.

In his abstract appellant says: "Only two questions are raised in this court: First, was there evidence to support the verdict of the jury; second, that the verdict of the jury was influenced and brought about by the improper argument to the jury by the attorney for the appellees." As to the latter point, the facts are stated in the opinion.

*G. B. Oliver,* for appellant.

The closing remarks of appellees' attorney were improper. 65 Ark. 619.

HILL, C. J. There are but two questions presented in this case—one as to the sufficiency of the evidence, and the other as to the remarks of counsel for appellee in his closing argument.

The court is of opinion that the evidence is sufficient to sustain the verdict, and, the instructions not being questioned, the judgment must be affirmed, unless the remarks of counsel call for a reversal.

The record shows the argument and proceedings thereon as follows: "Who is this fellow, Ed. Jacobs? He is nothing but a Jew down here at Knoble, without any conscience, and are you going to take the property levied on, which Ferguson & Day have paid their good money for, and turn it to such a man as that? Nobody ever heard of a Jew having a conscience. They would take the last thing you had." Whereupon the defendant objected to the argument of the said Taylor, and the court instructed him to desist from such argument, and instructed the jury that it did not make any difference who the defendant was,

that he had the same rights in court that plaintiffs or any one else had, and told them to disregard the argument of plaintiffs' attorney to the contrary. Whereupon the said Taylor proceeded with his argument, and again in a short time reverted to the statement that the said Jacobs was a Jew, to which defendant again objected, whereupon plaintiffs' attorney desisted from such argument." In the instructions to the jury the court specifically instructed as to this argument. The record reads as follows: "The court also again instructed the jury to disregard the argument of attorney Taylor, which was objected to, and stated that it was entirely improper, and such argument should never be indulged in by any lawyer."

In the case of *Kansas City Southern Railway Company* v. *Murphy, ante,* p. 256, the two classes of cases where reversal is had for prejudicial remarks are discussed. It is clear that no reversal can be had for any failure on the part of the court to eradicate, if possible, the effect of the unworthy appeal to a supposed race prejudice. This rule, announced in *Holder v. State,* 58 Ark. 473, has been repeatedly followed: "An objection by the opposing counsel, promptly interposed, followed by a rebuke from the bench, and an admonition from the presiding judge to the jury to disregard prejudicial statements, is sufficient to cure the prejudice." In *Kansas City, F. S. & M. Company* v. *Sokal,* 61 Ark. 130, this is added to the above stated rule: "But instances sometimes occur in which it is not sufficient," instancing the Holder case and one from Indiana. This exception is emphasized in *German-Am. Ins. Company* v. *Harper,* 70 Ark. 305, and this statement from *C. B. & Q. Ry.* v. *Kellogg,* 76 N. W. Rep. 462, is taken as defining the exceptional class. "If the transgression be flagrant, if the offensive remark has stricken deep, and is of such a character that neither rebuke nor retraction can entirely destroy its sinister influence, a new trial should be promptly awarded, regardless of the want of objection or exception." The last statement, that the new trial should be awarded, regardless of objection or exception, has not prevailed in this State, and is against the great weight of authority. See Thompson on Trials, § 962. The excerpt correctly defines that class of cases excepted from the general rule, and this court has followed it where the error has been properly preserved in the lower court.

The circuit judge came up to the full measure required to

remove the prejudice, and the question is whether the remarks belong to this excepted class, and worked prejudice not removable by the action of the trial court. In *Redd* v. *State,* 65 Ark. 475, the court said, referring to an objectionable argument appealing to prejudice: "It was in bad form, to be sure; but jurors must be presumed to be men of intelligence, and scrupulous of the oaths which they take to try cases according to the law and evidence." It is not believed, in view of the circuit judge's emphatic directions, and the good judgment and fair mindedness accorded to jurors, that this improper appeal worked any prejudice, under the facts disclosed, to appellant's cause. If the case was a close issue of fact contested before the jury, the court would incline to a reversal herein for the improper argument.

The judgment is affirmed.

WOOD, J., dissents.

### ON REHEARING.

HILL, C. J. The appellant on motion and brief for rehearing argues anew the questions discussed, and the court finds no cause to change its former opinion except in one particular. Several replevin suits were brought, and were all consolidated into one action in the circuit court. All the property described in the writs were logs, each writ for a different lot of them, except in one writ there was described "five pilings of the value of $18." Bond was given for the piling, as well as for the logs in this action, and for the logs in the other actions. There was an amount agreed upon for verdict, should the defendant, who was a deputy sheriff and representing the execution creditor, recover. One witness was asked about the piling, but he did not know anything about it. Otherwise, the piling seemed to have been lost sight of. The instructions used the word "timber" as descriptive of the property, and the witnesses used the terms "timber" and "logs." Doubtless, the piling was overlooked; but as the record stands, there is no evidence to support the verdict as to this item.

The court, as heretofore indicated, is not favorably disposed towards the judgment in this case, owing to the highly improper argument of appellee's counsel, and will not sustain it beyond what is clear. The value of the piling is not controverted. The

judgment, so far as the logs are concerned, is affirmed, but it is reversed to the extent of giving judgment here for $18, the value of the piling, and the costs of this court in favor of appellant.