FORT SMITH LUMBER COMPANY *v.* CATHEY.

Opinion delivered April 1, 1905.

1. TRIAL—IMPROPER ARGUMENT.—While it was improper, in a suit against a corporation, for plaintiff's counsel to say in argument that the juries of the country would not allow corporations to rob poor men of their labor, and that this was a scheme of defendant to beat plaintiff out of his labor, a new trial will not be granted if it appears that the court's charge neutralized the prejudicial effect of the improper remarks. (Page 605.)

2. INSTRUCTIONS—WAIVER OF OBJECTIONS.—A statement in the bill of exceptions that the court "instructed the jury in a manner satisfactory to both parties" will be treated as a waiver of any objections to the court's refusal to instruct as asked by appellant. (Page 606.)

Appeal from Yell Circuit Court, Dardanelle District.

WM. L. MOOSE, Judge.

Affirmed.

*Sam T. Poe,* for appellant.

The verdict is not supported by the evidence. 14 Ark. 502; 21 Ark. 468; 24 Ark. 234; 13 Ark. 71; 39 Ark. 491; 54 Ark. 641; 27 Ark. 592; 33 Ark. 651.

*Priddy & Chambers,* for appellee.

The verdict will not be disturbed where there is evidence to support it.   46 Ark. 142; 40 Ark. 122.

WOOD, J.  This suit was brought in justice of peace court by J. R. Cathey against the appellant.  The suit was based on four orders drawn by N. R. Wood in favor of J. R. Cathey on the appellant.  The orders aggregated the sum of $33.67, and were given to pay for labor in cutting saw logs.  The judgment was for the appellee in both the justice's and the circuit court. The appellant contended that it had no contract with the appellee for the cutting of logs; that its contract for the cutting of logs was with one N. R. Wood; and that Wood had no authority to bind it by any contract he made with appellee.  There was proof tending to establish appellant's contention.  There was proof also which tended to establish the contention of the appellee that Wood made the contract with him as the agent for the appellant.  The verdict of the jury is against the weight of the evidence on this point.  But we will not disturb a verdict merely because in our opinion it is against the weight of the evidence. The question, when the case comes here on an issue of fact, is, was the evidence legally sufficient to support the verdict?  It would serve no useful purpose, as a precedent, to set out the evidence and discuss the reasons for our conclusion.

The instructions of the court were "satisfactory to both parties" is the statement in the record.

After the testimony was closed, and instructions were given, the court permitted counsel for appellee, over the objections of the appellant, in his closing argument, to say to the jury that the juries of the country would not allow corporations to rob poor men out of their labor, and that this was only a scheme on the part of the defendant to beat the plaintiff out of his labor by carrying the lumber from the mill before plaintiff received pay for his labor.  Referring to the argument of counsel for plaintiff above mentioned, the court instructed the jury that there was no proof to show that any one had acted dishonestly, or that there had been any rascality practiced in this cause, and that any statements that counsel might make in the heat of argument as to the dishonesty or rascality of either party should not be considered by the jury.  The argument was exceedingly

improper. But in matters of this kind each case must depend upon its own peculiar facts, and we feel quite convinced that the charge of the court entirely neutralized any prejudicial effect the improper remarks might otherwise have produced.

After the argument of the case was closed, one of the jurors asked the court whether or not plaintiff would have had a lien on the lumber at the mill, had the lumber not been moved, whereupon the court answered that he did not know. At that time defendant asked the court to instruct the jury that the fact that the lumber had been hauled from the mill should not be considered by the jury in the case at all, which instruction the court refused to give, to which ruling the defendant at the time excepted. But the court instructed the jury as follows: "That there was no proof to show whether or not the plaintiff was entitled to a lien on said lumber." The instruction given by the court met the objection which appellant raised in the request which the court refused; for "if there was no proof to show whether or not the plaintiff was entitled to a lien on the lumber," it was immaterial whether the lumber had been hauled from the mill or not. Moreover, if the court "instructed the jury in a manner satisfactory to both parties," as is stated in the bill of exceptions, it would seem that the appellant has waived any objection to the court's refusal to grant its request.

Affirm the judgment.