BRILEY *v.* WHITE.

4-7854                                                     193 S. W. 2d 326

Opinion delivered March 18, 1946.

Rehearing denied April 15, 1946.

*Buzbee, Harrison & Wright,* for appellant.

*Eugene Coffelt* and *Kenneth C. Coffelt,* for appellee.

ROBINS, J.   In appellees' suit against appellant, C. H. Briley, for damages alleged to have been sustained by reason of a collision between a truck owned by appellant and a truck belonging to appellee, David M. Styers, the jury awarded damages as follows: To appellee, Teddy Don White, $5,000; to appellee, David M. Styers, for damage to truck $320, and for personal injury $300. To reverse judgment entered on the verdict this appeal is prosecuted.

The collision occurred at the intersection of the Geyer Springs gravel road and the German Pike, in Pulaski county, Arkansas. Appellee Styers, with appellee White, a twelve year old boy, in the cab with him, was driving his truck south on the gravel road, and as he was passing out of the intersection with the German Pike (a paved highway) the rear part of his truck was struck by appellant's truck, driven by John York. Both trucks turned over and were badly damaged. Appellee, White, was caught under the Styers truck and suffered a broken leg and various cuts and bruises.

It is unnecessary to detail the evidence as to the cause of the collision since appellant does not argue that there was no substantial testimony from which the jury might have found that the collision was caused solely by the negligence of appellant's driver.

These contentions are made by appellant here:

I.   That the court should have granted appellant's motion for a mistrial.

II.   That if the judgment is not reversed for error of the lower court in refusing to declare a mistrial, the award to Teddy Don White should be reduced.

## I.

During the cross-examination of appellant's driver, John York, by appellees' counsel, the following occurred:

"Q. Now, York, I want to ask you this question, not to embarrass you or criticize you. Were you convicted of reckless driving?" Mr. Harrison: "We object to that. It is most improper." Mr. Coffelt: "I can prove that." The Court: "It don't make a bit of difference whether you prove that or not. The jury is admonished not to regard the question or answer, if there was one, it will be stricken from the record." Mr. Harrison: "For the purpose of the record, I am going to ask for a mistrial." The Court: "Overruled." Mr. Harrison: "Save our exceptions."

While the question asked by counsel for appellees and the statement made by him were improper, the court promptly admonished the jury to disregard the question, which was not answered. Much latitude must be given to the trial court in handling matters of this kind, and, in the absence of a showing of abuse of discretion or a manifest prejudice to the rights of the complaining party, this court will not reverse a judgment on account of the action of the trial court. *Day* v. *Ferguson & Wheeler,* 74 Ark. 298, 85 S. W. 771; *Fort Smith Lumber Company* v. *Cathey,* 74 Ark. 604, 86 S. W. 806; *Ferguson & Wheeler Land, Lumber & Handle Company* v. *Good,* 112 Ark. 260, 165 S. W. 628; *St. Louis, Iron Mountain & Southern Railway Company* v. *Drumright,* 112 Ark. 452, 166 S. W. 938; *United Order of Good Samaritans* v. *Lomax,* 172 Ark. 330, 288 S. W. 709. The lower court did not abuse its discretion in refusing to grant the motion for mistrial.

## II.

It is next urged that the amount of the judgment in favor of appellee, Teddy Don White, should be reduced because it is excessive, and for the further reason that the lower court in its instructions permitted the jury to take into consideration, in arriving at the amount of damages to be awarded to this appellee, any permanent injury which the jury might find he sustained as a result of the collision. Appellant urges that it was improper for the lower court to authorize the jury to consider any permanent injury to young White, because, as appellant con-

tends, there was no testimony from which the jury could find that he had suffered such injury. Appellant does not ask for a reversal of the judgment of the lower court on this ground, but urges it as a reason for a reduction in the judgment.

The collision occurred on January 11, 1945. White's left leg was caught under the truck. He remained thereunder for some time and until the truck could be pried up so as to release him. He was then taken to a hospital. In order to reduce the fracture the attending physician applied traction. This consisted of fastening a wooden block to the leg, attaching to the block a rope with a weight at the other end, which exercised a constant tractive force. The next morning he was given an anaesthetic and a cast was put on his leg which stayed thereon two months. He was in considerable pain all this time. After the cast was removed he used crutches about two weeks. His leg was exhibited to the jury and it was stated that at the time of the trial, May 29, 1945, his leg was still swollen and appeared somewhat crooked. The boy's father testified that he could not "get around like he could before his leg was hurt." As a result of the injury young White lost a grade or a year's work in school.

While the attending physicians expressed the opinion that the boy would have normal use of his leg upon complete healing, which admittedly had not taken place at the time of the trial, there was substantial testimony from which the jury might have inferred that his injury was more than a temporary one. Furthermore, it cannot be said with certainty that when the shock of such an injury, the slowness of the healing process, the pain and suffering undergone by the appellee, and his loss of a year's school work are considered the jury's verdict was grossly excessive, even if no permanent damage to the leg was shown. In this view of the matter, the instruction complained of, even though objectionable, was not prejudicial. *Memphis, Dallas & Gulf Railroad Company* v. *Steel,* 108 Ark. 14, 156 S. W. 182, Ann. Cas. 1915B, 198.

No complaint is made as to excessiveness of the judgments in favor of appellee, Styers.

The judgments appealed from are affirmed.