BILLY C. HALL *v.* STATE OF ARKANSAS

5247                                    412 S. W. 2d 603

Opinion delivered March 20, 1967

*Carmack Sullivan,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. General, for appellee.

PAUL WARD, Justice. Billy C. Hall (appellant) was charged with Grand Larceny for stealing a 1957 Dodge automobile (the property of Gaylon Ellis) of the value of more than $35. A jury trial resulted in a conviction and his punishment was fixed at one year in the penitentiary.

On appeal, appellant urges five separate assignments of error which we will discuss in the order they are argued.

*One.* Appellant offered testimony to prove the market value of a "starter" on the car in question. The trial court  refused such offer, and we think the court was correct in doing so.

Larceny, as defined in Ark. Stat. Ann § 41-3901 (Repl. 1964), is the felonious stealing the personal property of another. Subsequent § 41-3907 fixes the punishment at one or more years in the penitentiary if the value of the property stolen exceeds the sum of $35. As previously stated, appellant was charged with stealing

the *car* not the *starter*. Therefore, the offered testimony was irrelevant and immaterial, and not admissible in evidence.

*Two.* Here appellant contends the trial court erred in refusing to give his requested instruction nos. 1, 2, and 3, contending "that the intent in this case was crucial and if defendant took the automobile only with the intent to deprive the owner *temporarily* of the possession of the vehicle without the intent to steal the same, he could be guilty only of a misdemeanor".

In offering the three instructions mentioned appellant apparently sought to take advantage of Ark. Stat. Ann. § 75-170 (Repl. 1957) which makes it a misdemeanor to deprive a person of his vehicle temporarily without intent to steal the same. For reasons presently mentioned, we find no merit in this contention.

The undisputed proof shows appellant took the car in question from the premises of its owner, drove it six miles and hid it in a wooded area. Days later after he was apprehended he claimed he intended to remove and take the starter from the car for use on his own car. It is also undisputed that he did not remove the starter. There is no testimony in the record to support appellant's purported intention. Consequently the trial court was justified in refusing the requested instructions. This same question was considered in the early case of *Pickett* v. *State,* 91 Ark. 570 (p. 574), 121 S. W. 732, where we said, quoting from *Allison* v. *State,* 74 Ark. 444, 86 S. W. 409:

> "In each case, then, the question of whether it is proper to submit to the jury the question of defendant's guilt of any particular grade of offense included in the indictment must be answered by considering whether there is evidence which would justify a conviction for that offense."

In the case before us here the trial court gave (without

objection) Instruction No. 8 which told the jury they must find appellant must have had the *felonious* intent to deprive the owner *permanently* of the car, and that if they had any doubt to acquit him.

Furthermore the instructions offered by appellant are indefinite, and could have been confusing to the jury. For that reason only the court was, we think, justified in refusing to give them.

*Three.* Appellant also contends there was reversible error because of the manner in which his confession was presented to the jury, but we do not agree.

When the question arose the judge, together with the attorneys, retired to chambers and discussed the matter. The court thereupon found that the confession was voluntary. When the trial was resumed the court also submitted the question to the jury. Ark. Stat. Ann. § 43-2105 (Supp. 1965) provides:

> "Issues of fact shall be tried by a jury, provided that the determination of fact concerning the admissibility of a confession shall be made by the court when the issue is raised by the defendant; that the trial court shall hear the evidence concerning the admissibility and the voluntariness of the confession out of the presence of the jury and it shall be the court's duty before admitting said confession into evidence to determine by a preponderance of the evidence that the same has been made voluntarily."

The procedure in the case here under consideration was followed in the case of *Brown* v. *State,* 239 Ark. 909 (p. 918), 395 S. W. 2d 344, based on *Jackson* v. *Denno,* 378 U. S. 468.

*Four.* It is further contended that appellant's constitutional rights were violated because he "was not properly advised of his rights to have counsel" before he was interrogated. The record reflects that he was so

advised, and appellant does not here contend to the contrary. However, appellant does contend he was so advised by a Special Agent of the FBI who was making an investigation of a Federal Statute. We think this fact is immaterial since appellant confessed to a state crime after being fully advised of his rights.

*Five.* Finally, appellant contends that "considering the alleged confession as a whole, same must be considered involuntary". In view of what we have heretofore said, we see no merit in this contention.

Affirmed.