ALICE BACK v. MARIE DUNCAN

5-4822                                        438 S.W. 2d 690

Opinion Delivered April 1, 1969

*Wright, Lindsey & Jennings* and *Philip S. Anderson, Jr.* for appellant.

*Willis V. Lewis* for appellee.

GEORGE ROSE SMITH, Justice.    This is an action for personal injuries sustained by the appellee when her car was struck from the rear by a car being driven by the appellant.    There was no serious question about liability, for both parties testified that Mrs. Duncan's car was struck while it was standing still in a line of traffic in downtown Little Rock.    The jury fixed the damages at $13,040.

There is really only one point for reversal, though the appellant subdivides it for the purpose of argument.

During the trial the court admitted in evidence a letter written by Dr. Wade. A few minutes later the judge decided that he had made an error and instructed the jury to completely disregard the letter. It is now insisted that the error was so prejudicial that the defendant's request for a mistrial should have been granted.

Mrs. Duncan testified that she suffered severe injuries to her neck and shoulders. About two months after the accident she obtained a part-time job in the offices of Drs. Flack, Hedges & Wade. Some three months later Dr. Flack discharged her. Mrs. Duncan testified that she was not physically able to do the work and that the doctors were justified in letting her go.

Before the plaintiff rested her case the court allowed the defendant to call Dr. Flack out of turn. He contradicted Mrs. Duncan's testimony, saying that she was discharged not for physicial inability to do the work but for other reasons that are now unimportant. On cross-examination the plaintiff's attorney unsuccessfully attempted to have Dr. Flack identify the letter from Dr. Wade.

Later in the trial Mrs. Duncan's attorney recalled her to the stand and succeeded in introducing the letter from Dr. Wade, which reads as follows:

8/16/67

To whom it may concern:

Marie Duncan has had persistant neck and back aches. She is also in the middle of a law suit and has had some trouble with a family problem.

It was our decision that Marie should not be working and trying to do her housework at the same time until she has gotten over some of her physical complaints.

We are very sorry to loose [sic] her and in the future hope to be able to rehire her. She is very good with patients and also good lab work.

W. I. Wade, M.D.

As we have said, the judge soon withdrew the letter from the case and instructed the jury to disregard it.

Counsel for the appellant cite our rule that an error is presumed to be prejudicial unless the contrary affirmatively appears. *Safeway Stores* v. *Gross,* 240 Ark. 206, 398 S.W. 2d 669 (1966). In the nature of things, however, that rule does not apply when the trial judge has undertaken to correct an apparent error by instructing the jury to disregard it. In that situation we accord much latitude to the trial court and reverse the judgment only if there is an abuse of discretion involving manifest prejudice to the complaining party. *Briley* v. *White,* 209 Ark. 941, 193 S.W. 2d 326 (1946). Thus in effect we sustain the trial court unless prejudice affirmatively appears.

Here we find no reversible error. An award of a mistrial is a step so drastic as to be the exception rather than the rule as a means of correcting an error. For such a step to be warranted it must be apparent that justice cannot be served by a continuation of the trial. Perhaps the best illustration of such an extreme error is the deliberate introduction by a litigant of proof that conveys information which the law excludes as a matter of policy. In that vein we have held that a mere admonition to the jury cannot correct flagrant misconduct of counsel such as inexcusable references to a "rapsheet" supposedly involving a witness on the stand, *Shroeder* v. *Johnson,* 234 Ark. 443, 352 S.W. 2d 570 (1962), or a deliberate and gratuitous reference to insurance coverage having no permissible bearing upon the issues in the case. *Ward* v. *Haralson,* 196 Ark. 785, 120 S.W. 2d 322 (1938).

This case does not present such a situation.  Dr. Wade's letter was confined to commonplace matters such as Mrs. Duncan's injuries, which the jurors had already heard about, a family problem about which the letter supplied no information at all, a suggested connection between Mrs. Duncan's physical condition and her discharge, and the firm's apparent satisfaction with Mrs. Duncan's services.  Had counsel for the plaintiff eliminated any possible infraction of the hearsay rule by putting Dr. Wade himself on the witness stand, every statement in the letter might have been repeated for the jury's consideration.  In the circumstances we have no hesitancy in saying that the court's admonition to the jury was amply sufficient to nullify any prejudicial effect the introduction of the letter might have had.

Affirmed.