BOBBY GENE BALLEW ET AL v. STATE OF ARKANSAS

5411                                    459 S. W. 2d 577

Opinion delivered November 16, 1970

*Charles W. Baker,* for petitioners.

No brief for respondent.

CONLEY BYRD, Justice. This is a motion for leave to file a petition pursuant to criminal procedure Rule No. 1, a post conviction remedy.

The petitioners' convictions for assault with intent to kill were affirmed in this court in *Ballew* v. *State,* 246 Ark. 1191, 441 S. W. 2d 453 (1969). Thereafter through writ of habeas corpus they applied to U. S. District Court, the Honorable J. Smith Henley, Judge, alleging that the state courts denied them due process because a shot gun introduced into evidence and an out of court statement of Bobby Ballew should have been suppressed. An amended petition raised the issues of whether the petitioners' federal rights were violated because the state trial court did not instruct the jury with reference to the genuineness of the statements of Bobby Ballew and did not admonish the jury that the confession of petitioner Bobby Ballew was not to be considered against petitioner Rodger Ballew.

The Federal District Court found that the shot gun was properly admitted by the state, but dismissed without prejudice that portion of the petition with respect to the claims about Bobby Ballew's statements and the absence of cautionary instructions with reference to Rodger Ballew. In suggesting that petitioners should apply here for permission to bring a post conviction action in the trial court, the Federal District Court raised the question of whether a finding of voluntariness of a confession pursuant to the "preponderance of the evidence" as provided by Ark. Stat. Ann. § 43-2105 was sufficient or must the determination be made "beyond a reasonable doubt."

Admittedly none of the issues bothering the Federal District Court were raised in the trial court.

The questions raised by the U. S. District Court are stated in this language:

1. "What does give the Court trouble is that the Circuit Judge gave the jury no instructions whatever about the confession of Bobby Ballew, nor was he asked to do so. Specifically, the jury was not told anything about the *genuineness* of the confession, as opposed to the voluntary nature of it, was not told anything about the weight to be given to the confession as evidence, and was not admonished that the confession of Bobby Ballew was not to be considered against Rodger Ballew. . . .

2. "Further, without warning instructions a jury may consider a confession of one defendant as evidence against another, even though all references to the other have been deleted from the confession which the jury hears. . . .

3. "The other question that the Court feels that it should mention if not raise goes back to the Circuit Court's basic *Denno* determination of voluntariness. While the trial judge clearly

stated that he found Bobby Ballew's confession to have been given voluntarily, he did not state whether he so found from the evidence beyond a reasonable doubt, as provided by Ark. Stats., section 43-2105, or whether he simply found the confession to be voluntary without reference to any particular quantum of proof."

We deny this motion for leave to proceed under our post conviction procedure. The denial is because each matter now presented could and should have been presented to the trial court in the first instance.

(1) As pointed out in Wigmore 3rd Ed. § 860, no one other than the defendant is in any better position than the defendant to know the reasons why he should object to a confession. In this instance the record, at page 30, shows that the defendant in a hearing to suppress the confession verified its genuineness except with respect to his paramour making "trip after trip" to Arizona with another man. The defendant stated then that she had only been to Arizona with the man only once. West's Arkansas Digest under Criminal Law Key 824 (1) carries a host of cases all to the effect that a trial court is not required to give instructions on a particular point unless a request is made therefor. West's Modern Federal Practice Digest under Criminal Law Key 824 (1) cites a host of federal cases under this language: "In the absence of a request for a charge, reversal is justified only if failure to instruct constitutes a basic and highly prejudicial error." Here the genuineness of the confession or statement against interest was admitted except as to one unimportant detail and furthermore the matters therein stated were corroborated by other evidence. We can find no excuse to say that petitioners were highly prejudiced under the circumstances.

(2) It appears to us that the issue relative to a cautionary instruction that Bobby's confession was not evidence against Rodger Ballew was also a procedural matter. The federal courts require an objection and exception before such failure is prejudicial error, *Nassif* v.

*United States,* (8 Cir. 1967), 370 F. 2d 147, and we can find no reason to hold to the contrary.

(3) As we view the record, the last point, too, should have been raised during the trial. Had such issue been raised the trial court could readily have stated whether his finding on the voluntariness of the confession was "by a preponderance" or "beyond a reasonable doubt" and, also, the issue could have been submitted to the jury as was done in *Hall* v. *State,* 242 Ark. 201, 412 S. W. 2d 603 (1967).

Furthermore, as pointed out in Wigmore 3rd ed. § 860 the finding by the trial court is only for the purpose of determining whether the confession is competent or incompetent evidence. Most such determinations are made upon a preponderance of the evidence by the trial judges. Lastly, but not least, in *Jackson* v. *Denno,* 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. 908, 1 ALR 3rd 1205 (1964) it was stated:

". . .But as to Jackson, who has already been convicted and now seeks collateral relief, we cannot say that the Constitution requires a new trial if in a soundly conducted collateral proceeding, the confession which was admitted at the trial is *fairly determined* to be voluntary. . ." (Emphasis ours).

It appears to us that the procedure outlined in Ark. Stat. Ann. § 43-2105 (Supp. 1969) which requires the trial court to determine the voluntariness of confessions by a preponderance of the evidence and our own independent review on appeal are sufficient to meet the test that the voluntariness be "fairly determined."

Ordinarily motions such as here involved are either summarily granted or denied, but in view of the number of federal habeas corpus petitions made with respect to issues not raised in our trial courts, we have gone to some length here to show merit of giving credence to our procedural rules which are not vastly different from those in practice before the federal courts. Unless such

credence is given to our procedural rules particularly with respect to matters within the knowledge and ambit of the defendant at the time of trial, the guilty by merely remaining quiet when he ought to speak can trap society and obtain his liberty after memories have failed, witnesses have died and records are lost. Our laws guarantee to every man charged with crime the right to his day in court before a jury and according to law. In so doing society should be entitled to demand that all issues be tried and litigated on that day, particularly with respect to matters within the knowledge and control of the defendant. Our procedural rules are designed to accomplish that result.

For the reasons stated the motion for leave to proceed for post conviction relief is denied.

FOGLEMAN, J., not participating.