Bobby Gene BALLEW and Roger Huey Ballew, Petitioners,

v.

C. Robert SARVER, Commissioner of Corrections, State of Arkansas, Respondent.

No. PB–70–C–122.

United States District Court,
E. D. Arkansas,
Pine Bluff Division.

Dec. 31, 1970.

Charles W. Baker, Little Rock, Ark., for petitioners.

Mike Wilson, Asst. Atty. Gen., State of Arkansas, Little Rock, Ark., for respondent.

**1234**

## MEMORANDUM OPINION

HENLEY, Chief Judge.

On September 18, 1970, this Court filed a memorandum opinion and entered an order dismissing without prejudice a petition for a writ of habeas corpus tendered by petitioners, Bobby Gene Ballew and Roger Huey Ballew, inmates of the Arkansas State Penitentiary, pursuant to judgments and commitments of the Circuit Court of Craighead County, Arkansas. Ballew v. Sarver, No. PB–70–C–36, no published opinion. Incident to the dismissal of the petition the Court suggested the propriety of petitioners applying to the Supreme Court of Arkansas for leave to seek post-conviction relief in the sentencing court through a petition filed in that court as provided by Criminal Procedure Rule 1 of the Supreme Court of Arkansas.[1]

In due course counsel for petitioners filed a motion in the Arkansas Supreme Court for leave to proceed in the sentencing court under Rule 1 for the purpose of securing a consideration and State adjudication of two questions raised by this Court in its memorandum opinion, namely: (1) The meaning and validity of what may be called the Arkansas "Denno Statute," which was adopted very shortly after the decision of the Supreme Court of the United States in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A. L.R.3d 1205, and for the obvious purpose of complying with that holding. Act 489 of 1965, § 1, Ark.Stats., Ann., Cum. Supp., § 43–2105. (2) Whether the trial court erred in failing to give the jury specific instructions with respect to the confession of Bobby Ballew which was admitted in evidence against him but not against his co-defendant brother, Roger Ballew.

On September 15, 1970, the Supreme Court of Arkansas denied leave to petitioners to proceed in the sentencing court. However, in connection with that action the Arkansas Court in effect considered on their merits the questions that have been mentioned and resolved them adversely to petitioners. Ballew v. State, 249 Ark. 480, 459 S.W.2d 577.

On November 23 counsel for petitioners filed a motion for the reopening of Case No. PB–70–C–36 in order for the Court to consider the questions raised by it. The Court did not permit No. 36 to be reopened, but directed that the motion for reopening be filed as a new petition for a writ of habeas corpus. The Court suggested that the case be submitted on the new petition and on the record in the original case including the transcript of petitioners' original trial.

On December 4 counsel for respondent filed a pleading admitting exhaustion of State remedies and agreeing to a submission of the case in the manner suggested by the Court.

In Jackson v. Denno, supra, the Supreme Court of the United States held that where a confession is offered in evidence in the course of a criminal trial, and where there is an issue as to voluntariness of the confession, the trial judge must independently determine and reliably and expressly find that the confession was voluntary before admitting it in evidence. After that has been done, the trial court may then submit the question of voluntariness to the jury for ultimate determination under the so-called Massachusetts Rule or may simply admit the confession in evidence without submitting the issue of voluntariness to the jury, the practice followed in States which have adopted the so-called Wigmore or Orthodox Rule. While the Supreme Court held in *Denno* that the trial court must reliably find that the confession is voluntary, the Court did not say whether the trial court must be convinced of voluntariness beyond a reasonable doubt or by a preponderance of the evidence or by refer-

---

1. Permission from the Supreme Court to file such a petition was required by reason of the fact that petitioners had appealed from their original convictions of assault with intent to kill, and their convictions had been affirmed. Ballew v. State, 246 Ark. 1161, 441 S.W.2d 453.

ence to any other particular quantitative or qualitative standard or degree of proof.

Prior to the decision in *Denno*, Arkansas had followed the so-called New York Rule dealing with the admission of confessions. Under that rule, where voluntariness of a confession is in issue, the trial judge determines preliminarily whether there is substantial evidence of voluntariness. If there is none, the confession is ruled out by the judge; but, if there is evidence that the confession was voluntarily and understandingly made, the issue of voluntariness is sent to the jury under appropriate instructions, and the jury is told to disregard the confession unless convinced of its admissibility under the standards laid down by the judge in his charge.

In adopting Act 489 of 1965 the Arkansas Legislature adopted the Orthodox Rule approved in *Denno*. The statute provides that the issue of voluntariness of a confession is to be determined by the trial judge out of the presence of the jury, and that if he finds "from a preponderance of the evidence" that the confession was voluntary, he is to admit the confession in evidence.[2]

In its memorandum opinion in No. 36 the Court, after rejecting on the merits certain claims made by petitioners, found that the able trial judge who had tried them had reliably and properly "found" that the confession of Bobby Ballew was "voluntary," but that the trial judge had not specified whether his finding was based on conviction "beyond a reasonable doubt," or merely on a "preponderance of the evidence," or on some other standard of proof, or on no particular standard. That raised in the Court's mind the question of whether a State statute which specifically authorizes the admission into evidence of a confession upon a judicial finding of voluntariness based on nothing more than a "preponderance of the evidence" accords with due process of law.

Further, in reviewing the record of petitioners' trial the Court observed that the trial judge was not requested to give any instructions as to the confession of Bobby Ballew and that he gave none whatever. That raised the question of whether, aside from any issue of "voluntariness," a trial judge is required to instruct on his own motion with respect to the genuineness of the confession, and with respect to the fact that a confession is not conclusive evidence of guilt, and to caution the jury where two defendants are on trial that the confession of one is not to be considered as evidence against the other.[3]

Neither of the questions that occurred to the Court had been raised in the State courts, and the Court was of the view that those courts should have the first opportunity to pass upon them. Mayes v. Sigler, 8 Cir., 428 F.2d 669. Hence, the Court's suggestion that petitioners seek leave to proceed in the Circuit Court under Criminal Procedure Rule 1.

While the Arkansas Supreme Court found that the questions raised by this Court were without merit, the Arkansas Court also characterized them as being merely procedural questions which could and should have been raised in the course of the trial and not thereafter. And that Court concluded its opinion by saying:

> "Ordinarily motions such as here involved are either summarily granted or denied, but in view of the number

---

2. While Act 489 of 1965 adopted the Orthodox Rule, it is not error for an Arkansas Circuit Court to follow the Massachusetts Rule, which gives to the jury an opportunity to disagree with the judge on the question of voluntariness. Hall v. State, 242 Ark. 201, 412 S.W.2d 603. The Court will say parenthetically that in federal criminal cases tried before it, the Massachusetts Rule is followed.

3. The original confession of Bobby Ballew implicated his brother; but, at the direction of the trial judge the prosecuting attorney deleted from the confession all references to Roger Ballew before the confession was read to the jury so that the confession that the jury heard did not implicate the defendant just mentioned.

of federal habeas corpus petitions made with respect to issues not raised in our trial courts, we have gone to some length here to show merit of giving credence to our procedural rules which are not vastly different from those in practice before the federal courts. Unless such credence is given to our procedural rules particularly with respect to matters within the knowledge and ambit of the defendant at the time of trial, the guilty by merely remaining quiet when he ought to speak can trap society and obtain his liberty after memories have failed, witnesses have died and records are lost. Our laws guarantee to every man charged with crime the right to his day in court before a jury and according to law. In so doing society should be entitled to demand that all issues be tried and litigated on that day, particularly with respect to matters within the knowledge and control of the defendant. Our procedural rules are designed to accomplish that result." (249 Ark. at 484–485, 459 S.W.2d at 580.)

■ This Court certainly has no basic disagreement with the foregoing statements of the Supreme Court of Arkansas. Obviously, the contentions of defendants should be presented at the proper times and in a proper manner, and there should be an end to litigation at some point, whether the litigation be civil or criminal. More than seven years ago this Court had occasion to take judicial notice of the fact that Arkansas criminal procedures are fair on their faces, meet federal constitutional requirements, deprive no defendant of his civil rights, and prevent no defendant from enforcing those rights in the State courts. State of Arkansas v. Howard, E.D.Ark., 218 F.Supp. 626, 631. And the State of Arkansas has a clear right from its own standpoint to vindicate those procedures and require compliance with them, and the Courts of the State have a right not to consider federal constitutional claims unless presented within the framework of the procedures provided by State Law.

■ But, when a federal constitutional question not raised in the State courts is presented to a federal court in a habeas corpus case, that court is not free uncritically to dismiss the question by reference to the fact that it could have been raised in the State court but was not. Failure to raise such a question in the State court may or may not amount to an effective waiver of the federal right involved. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

Not only is the position of the federal habeas corpus court different from that of a State appellate court reviewing a conviction or determining whether a collateral attack on a conviction will be allowed in the trial courts of the State; it is also different from the position occupied by the Supreme Court of the United States in reviewing on certiorari a decision of the highest court of a State in a criminal case. On that point, this Court in Brown v. Stephens, E.D.Ark., 246 F.Supp. 1009, 1013, had this to say:

"Ordinarily, if incompetent evidence is offered by the State in a criminal prosecution, the defendant must object at the time of the offer or as soon thereafter as practicable; he may not generally sit by and permit the evidence to come in, speculate on the jury's verdict, and then if the verdict turns out to be unfavorable raise the question of the admissibility of the evidence for the first time on appeal or by way of motion for a new trial. A State has a legitimate interest in such a rule of procedure, and if a defendant fails to comply with it, and if the highest court of the State affirms the judgment on the basis of such failure, the Supreme Court of the United States on direct review by certiorari may find that the ultimate State court decision was based on an adequate non-federal ground and may refuse to inquire into the question of admissibility which was not raised when it should have been. See Henry

v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408.

"However, the approach which the Supreme Court of the United States may take on direct review of a State court conviction would not seem open to a federal district court when a State court judgment is attacked collaterally in a habeas corpus proceeding. This is true because in a collateral attack a failure on the part of the defendant to observe State procedural requirements does not bar consideration of a federal constitutional claim unless the failure amounted to a binding waiver of the federal right. Henry v. Mississippi, supra. And failure of counsel in the State court to object to allegedly incompetent evidence may or may not amount to an effective waiver of his client's constitutional right to be free from unreasonable searches and seizures. Henry v. State of Mississippi, supra; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837."

On the other hand, the federal court sitting in habeas corpus should not in general decide a federal question not raised in the State courts until those courts have had a chance to decide it, Mayes v. Sigler, supra, and it is for that very reason that this Court felt that it should not pass upon the questions heretofore outlined until recourse was had by petitioners to the courts of Arkansas.

That recourse has now been had, and the questions are now properly before this Court for decision.

I.

Jackson v. Denno, supra, and later cases like Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593, establish that an involuntary confession is not admissible in evidence, regardless of its truth and genuineness, and that the admission of such a confession into evidence constitutes a violation of due process of law. They also establish that the trial judge must find with unmistakable clarity that the confession was voluntary before the jury is permitted to hear it, although he need not make formal findings or write an opinion.

As stated, however, the Supreme Court has left open the question of whether the trial judge must be convinced of voluntariness beyond a reasonable doubt, and the openness of that question has given trouble to some of the lower federal courts both appellate and trial. The Eighth Circuit seems not to have passed upon the quantum of proof required. Other courts are divided.

The rule in the Fourth Circuit is that the trial judge must be convinced beyond a reasonable doubt that the confession is voluntary. Mullins v. United States, 4 Cir., 382 F.2d 258; United States v. Inman, 4 Cir., 352 F.2d 954.

The Court of Appeals for the District of Columbia took a contrary approach but later changed its position. That Court in an opinion written by now Chief Justice Burger first held that conviction beyond a reasonable doubt or by reference to any particular quantitative standard of proof is not required. Clifton v. United States, 125 U.S.App. D.C. 257, 371 F.2d 354. Later, however, Clifton was overruled, and it was held as a matter of procedure, but not of constitutional law, that the trial judge must find beyond a reasonable doubt that the confession was voluntary before admitting it into evidence; Judge Burger and two other Judges dissented. Pea v. United States, 130 U.S.App.D.C. 66, 397 F.2d 627.

The Court is satisfied that in the last analysis the question of whether a confession was voluntary is one of admissibility of evidence, and that Denno does not require any particular quantum or standard of proof, at least as far as the Constitution is concerned. It is inconceivable to the Court, however, that any responsible trial judge would admit a confession if the evidence heard by him preponderated against the voluntariness of the confession. Personally, the Court in criminal cases tried before it, like the majority of the Court of Appeals for the

District of Columbia in *Pea,* supra, feels that as a matter of procedure the proof of voluntariness should be beyond a reasonable doubt. The Court's view as to the question, and the Court's practice of ultimately submitting to the jury under appropriate instructions the question of the voluntariness of a confession was referred to without comment recently by the Court of Appeals in Grooms v. United States, 8 Cir., 429 F.2d 839, 840–841.

■ Under the Arkansas "Denno Statute" here under consideration the trial judge must be convinced of the voluntariness of a confession at least by a preponderance of the evidence, and while the question is by no means "insubstantial," the Court is satisfied that the statute is constitutional. As stated in its opinion in No. 36, the Court is convinced that the Denno finding of the Circuit Judge was sufficiently clear and definite. Hence, petitioners cannot prevail here on a *Denno* basis.

### II.

■ Passing now to the question raised by the absence of instructions relative to the confession of Bobby Ballew, it may be conceded to petitioners that a State trial judge is required to give to the jury correct and adequate instructions as to the governing law, irrespective of whether he is requested to do so, and that in certain circumstances gross omissions from a charge may amount to a violation of due process.

For example, even if a defense attorney lacking in learning or diligence should fail to request any instructions at all, it would be the duty of the trial judge to tell the jury at least what the essential elements of the offense were and that the burden was upon the prosecution to prove the guilt of the defendant by the evidence and beyond a reasonable doubt. Without such basic instructions the submission of the case to the jury would be a farce.

■ It is well established, however, that mere errors in a set of instructions or mere omissions to charge on subsidi-

ary matters do not amount to a denial of procedural due process. See e. g. Sampsell v. California, 9 Cir., 191 F.2d 721; Kenion v. Gill, 81 U.S.App.D.C. 96, 155 F.2d 176; Wallace v. Hunter, 10 Cir., 149 F.2d 59; United States ex rel. Bonomolo v. Wallack, S.D.N.Y., 238 F.Supp. 14; Moore v. Buchkoe, W.D.Mich., 175 F.Supp. 780, aff'd 7 Cir., 269 F.2d 840; United States ex rel. Luscomb v. New York, S.D.N.Y., 153 F.Supp. 1.

Here, the Court thinks that the trial court would have done well to have instructed the jury not to consider the confession unless satisfied that it was genuine and that its recitations of fact were true, and that the fact that Bobby Ballew had signed a confession was not conclusive evidence of his guilt. The Court thinks that the trial court would also have done well to have cautioned the jury that it was not in any event to consider the confession of Bobby Ballew as evidence of guilt on the part of Roger Ballew. And the Court thinks it probable that the trial judge would have instructed along those lines had he been requested to do so.

■ The Court is not persuaded, however, that defense counsel was necessarily derelict in failing to request such instructions, or that his failure to do so deprived petitioners of the effective assistance of counsel, or that the trial court was under any constitutional duty to give instructions relative to the confession on his own motion.

With particular regard to Roger Ballew, it was held in Wallace v. Hunter, supra, that due process was not violated merely because the trial judge failed to instruct that the confession of one codefendant was not to be considered against the other. In the case of petitioners all references to Roger Ballew had been deleted from his brother's confession, and there is no reason to suppose that the jury considered the confession against Roger Ballew.

In its consideration of this case as in its consideration of the earlier case the Court has considered the entire record in the State court and is satisfied that

petitioners received an essentially fair trial.

An order dismissing the petition with prejudice will be entered. If petitioners desire to appeal, they should notify the Court within 30 days from this date and should furnish an affidavit of poverty.

The Court desires to thank appointed counsel in this case, Mr. Charles W. Baker, for his services.