CHARLES WALKER v. STATE OF ARKANSAS

5773                                                    488 S.W. 2d 40

Opinion delivered December 18, 1972

*Howard, Howard & Howard,* by: *James R. Howard,* for appellant.

*Ray Thornton,* Atty. Gen., by: *James A. Neal,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. For reversal of his first degree murder conviction, appellant Charles Walker contends that the trial court erred in failing to declare a mistrial after commenting on the evidence and in failing to permit the jury to pass on the voluntariness of a confession.

The record discloses that during the direct examination of Officer Larry Dill the State, as a prelude to the introduction of a confession, sought to introduce a "waiver of rights form" signed by appellant. After the trial court overruled appellant's objection thereto, the following occurred:

"THE COURT:
I might make this explanation to you, ladies and gentlemen. While you were in the jury room, outside the courtroom here, I heard all of the evidence that the State had to offer on the voluntariness of this statement and the rights form, and a certain drawing that he made, and it used to be I had to submit the question of voluntariness to the jury; but, the last two or three years ago, I think it was in 1969, the Legislature passed an Act that I should pass on the voluntariness of it, so I have held that this confession—

"MR. TUCKER:
(Interposing) Your Honor, may we approach the bench just a moment?

"THE COURT:
Yes, Sir.

[At this time, counsel for the State and the defendant approached the bench and conferred with the Court, out of hearing of the jury and the court reporter, after which the following proceedings occurred:]

"THE COURT:
I am just telling you what the law is. The question of the voluntariness of the statement won't be up to you. The only question that will be submitted to you is the truthfulness of it and whether or not this man made it. I have already passed on the voluntariness of it, and he has already saved all of his exceptions.

"MR. HOWARD:
If the Court please, at this time I respectfully request

a mistrial in this case for the reason that the Court has commented on the evidence.

"THE COURT:
Overruled."

Our Constitution Article 7 § 23 provides:

"Judges shall not charge juries with regard to matters of fact, but shall declare the law, and in jury trials shall reduce their charge or instructions to writing on the request of either party."

In construing this provision in *Sharp* v. *State*, 51 Ark. 147, 10 S.W. 228 (1888), we said:

"In all trials the judge should preside with impartiality. In jury trials, espectially, he ought to be cautious and circumspect in his language and conduct before the jury. He should not express or intimate an opinion as to the credibility of a witness or as to controverted facts. For the jury are the sole judges of fact and the credibility of witnesses; and the constitution expressly prohibits the judge from charging them as to the facts. The manifest object of this prohibition was to give to the parties to the trial the full benefit of the judgment of the jury, as to facts, unbiased and unaffected by the opinion of judges. Any expression or intimation of an opinion by the judge as to questions of fact or the credibility of witnesses necessary for them to decide in order for them to render a verdict would tend to deprive one or more of the parties of the benefits guaranteed by the constitution, and would be a palpable violation of the organic law of the State."

Other jurisdictions in considering the question, *State* v. *Barber*, 268 N.C. 609, 151 S.W. 2d 51 (1966), and *United States* v. *Fayette*, 388 F. 2d 728 (1968), hold that the findings of the trial court on the issue of voluntariness should not be referred to in the presence of the jury. Of course the voluntariness of the confession would

also affect its weight and credibility. Consequently, the trial court's statements amounted to a comment on the weight of the evidence, and under the circumstances shown above a mistrial should have been granted.

Appellant's other argument has to do with the trial court's refusal to submit the voluntariness of appellant's confession to the jury. On this issue the trial court did not err. Following *Jackson v. Denno,* 378 U.S. 368, 12 L. ed. 908, 84 Sup. Ct. 1774, 1 ALR 3d 1205 (1964), the General Assembly adopted Act 489 of 1965, [Ark. Stat. Ann. § 43-2105 (Supp. 1971)], which provides:

"Issues of fact shall be tried by a jury, provided that the determination of fact concerning the admissibility of a confession shall be made by the court when the issue is raised by the defendant; that the trial court shall hear the evidence concerning the admissibility and the voluntariness of the confession out of the presence of the jury and it shall be the court's duty before admitting said confession into evidence to determine by a preponderance of the evidence that the same has been made voluntarily."

We construe this statute as adopting the so-called "Wigmore" or "Orthodox" rule. See 29 Am. Jur. 2d *Evidence* § 587. By this rule the trial court determines the voluntariness of the confession—i.e. whether the confession was obtained contrary to the constitutional right against self-incrimination. While this finding by the trial court may affect the ultimate finding of guilt or innocence, it has only to do with the admissibility of the evidence and nothing to do with the weight and credibility to be given to it. The finding on this issue by the trial court occurs only because of the evidentiary rule that excludes evidence obtained contrary to the right against self-incrimination. Of course this finding in no way affects the constitutional right of a defendant to have his case heard on the merits by a jury.

The "Wigmore" rule also offers the added advantage that such hearings can be held at pretrial conferences

and before the jury is empaneled—thus allowing the trial courts to make a better utilization of its time and the time that the jurors are taken from their respective occupations.

In both *Brown* v. *State,* 239 Ark. 909, 395 S.W. 2d 344 (1965) and *Hall* v. *State,* 242 Ark. 201, 412 S.W. 2d 603 (1967), we said that a trial court did not err in permitting the jury to pass on the voluntariness of a confession, but as pointed out in a footnote in *Brown, supra,* it is not necessary that the issue be submitted to the jury.

Reversed and remanded.

FOGLEMAN, J., dissents in part.

JOHN A. FOGLEMAN, Justice. concurring in part; dissenting in part. I agree wholeheartedly with the majority's treatment of the procedural question relating to determining the voluntariness of an accused's statement, but I would affirm this conviction. The statement of the judge is so nearly correct, that I have reservations about its being properly classified as a comment on the evidence. The circuit judge clearly recognized that the jury must determine whether the statement admitted in evidence was actually made by the defendant and its "truthfulness." In my view, this properly left for jury determination three questions, namely: (1) whether Walker made the statement received in evidence; (2) its credibility; and (3) the weight to be accorded it. All the circumstances surrounding the making of the statement would then have been admissible in evidence. There is no suggestion in the abstracts and briefs that any evidence on the subject was offered or excluded during the course of the trial.

Assuming, however, without conceding, that the statements of the judge to the jury did constitute a comment on the evidence, the reversal of this judgment based upon the failure of the trial judge to declare a mistrial on that account is, in my opinion, totally unjustified.

The widely and generally recognized rule is that the declaration of a mistrial is an extreme and drastic remedy, the granting or refusal of which lies in the sound judicial discretion of the trial judge, which should not be interfered with on appeal in the absence of an abuse of that discretion or manifest prejudice to the rights of the complaining party which cannot be otherwise removed. *Perez v. State,* 249 Ark. 1111, 463 S.W. 2d 394; *Parrott v. State,* 246 Ark. 672, 439 S.W. 2d 924; *Jackson v. State,* 245 Ark. 331, 432 S.W. 2d 876; *First National Bank of Springdale v. Hobbs,* 248 Ark. 76, 450 S.W. 2d 298; *Schroeder v. Johnson,* 234 Ark. 443, 352 S.W. 2d 570; *Kroger Company v. Burleson,* 245 Ark. 371, 432 S.W. 2d 847; 88 C.J.S. 96, Trial § 36b. We have said that the award of a mistrial as a means of correcting error should be the exception rather than the rule, and that it is unwarranted unless it is apparent that justice cannot be served by a continuation of the trial. *First National Bank of Springdale v. Hobbs,* supra; *Back v. Duncan,* 246 Ark. 494, 438 S.W. 2d 690. This principle has been applied to cases in which the motion was based upon alleged comments upon the evidence by the trial judge. *Donahue v. Cowdrey,* 246 Ark. 1028, 440 S.W. 2d 773.

The trial court's necessarily wide latitude of discretion in matters pertaining to the conduct of a trial should never be interfered with on appeal unless abuse in its exercise is manifest. *Perez v. State,* supra; *Petty v. State,* 245 Ark. 808, 434 S.W. 2d 602; *Lewis v. State,* 220 Ark. 914, 251 S.W. 2d 490; *Clements v. State,* 199 Ark. 69, 133 S.W. 2d 844. We have, in many cases, clearly recognized that error in the trial proceedings is not reversible error unless it is so manifestly prejudicial to a defendant that a proper admonition would not have afforded an adequate cure. *Moore v. State,* 251 Ark. 436, 472 S.W. 2d 940; see also, *Lin Manufacturing Company of Arkansas v. Courson,* 246 Ark. 5, 436 S.W. 2d 472. This rule also applies to statements of the trial judge to the jury. *Harper v. State,* 249 Ark. 1013, 462 S.W. 2d 847; *Ford v. State,* 222 Ark. 16, 257 S.W. 2d 30.

Justice, in this case, would have clearly been served by an admonitory instruction to the jury, telling it to

disregard the remarks of the trial judge, if the instructions later given by the trial court were not sufficient, under the existing circumstances, to cure any error. The court instructed specifically as to the jury's consideration of the statement as follows:

> There is evidence in this case as to a statement made by the defendant. Before you can consider any evidence of any statement that the defendant may have made you must first find that he made it; second, that the statement he made is the same as you heard it from the witness stand; and third, that it is the truth.

> It is a question for you to say under the evidence, and the law as I have given it to you, whether or not that statement is true and if true, what weight should be given to it in determining your verdict in the case.

The only objection to this instruction registered by appellant was that the instruction did not permit the jury to pass on the voluntariness of the confession and offered the following alternate:

> There is evidence here that the defendant made a confession. Before you can consider any confession as evidence, you must find:

> 1. That he did make a confession.

> 2. That the confession he did make was the one you heard on the witness stand.

> 3. That when he made it he told the truth.

> 4. That it was voluntarily made.

> In order for a confession to be voluntary you must find that it was made without hope of reward or fear of punishment. The basis of the statement that a confession must be voluntary is that the Consti-

tution of the State says that no person shall ever be compelled to give evidence against himself.

The offer was refused, but the court also instructed the jury that it was the sole judge of the credibility of witnesses and of the weight to be given to the testimony and that the court had nothing to do with these matters.

An instruction in the form of AMI 101(e) would probably have rendered any error in the court's remarks harmless. Certainly, the judge would have given an even stronger admonition to the jury to disregard his remarks in considering the statement if it had been requested. In cases relating to improper remarks of counsel, only those exceptional ones, involving statements so flagrantly prejudicial that this court can say that efforts of the trial judge to eradicate their evil effects by instructing the jury to disregard them would be unavailing and that a new trial would be the only means of freeing the trial of prejudice, should be reversed for abuse of the trial court's discretion. *Schroeder* v. *Johnson,* supra; *Kansas City Southern Ry. Co.* v. *Murphy,* 74 Ark. 256, 85 S.W. 428. I do not see why the same should not be said in cases involving remarks of the circuit judge.

We have in many cases recognized that an instruction to the jury to disregard a matter which has erroneously come to its attention is sufficient to cure any error, and that we must find an abuse of the court's discretion in that respect before we will reverse. *Parrott* v. *State,* supra; *Lewis* v. *State,* supra. In *Back* v. *Duncan.* supra, we said:

> Counsel for the appellant cite our rule that an error is presumed to be prejudicial unless the contrary affirmatively appears. * * * In the nature of things, however, that rule does not apply when the trial judge has undertaken to correct an apparent error by instructing the jury to disregard it. In that situation we accord much latitude to the trial court and reverse the judgment only if there is an abuse of

discretion involving manifest prejudice to the complaining party. Briley v. White, 209 Ark. 941, 193 S.W. 2d 326 (1946). Thus in effect we sustain the trial court unless prejudice affirmatively appears.

I realize that the majority places great emphasis upon the prestigious position of the judge, and his resulting power to influence the jury to the prejudice of a party by his words or actions. I submit, however, that the same judge occupies the same prestigious position when he admonishes a jury not to consider matters arising during the course of the trial and that his admonition should be presumed to carry at least as much weight as his other declarations and actions.

An admonitory instruction was considered to be sufficient prophylaxis in *Murchison v. State,* 153 Ark. 300, 240 S.W. 402. In that case where the appellant was charged with selling and being interested in the sale of intoxicating liquors, the prescription for cure of any error here was clearly written. We said:

Objections were made to remarks made by the court, in overruling appellant's objections to this testimony, wherein the court stated, in substance, that the grounds for overruling the objections were that the testimony of the witnesses showed that the whisky came out of appellant's house and tended to show that appellant was operating and controlling the house. The basis of the objection to this statement of the court is that it amounted to an expression of the opinion of the court on the weight of the evidence. When the objection to the remark was made, the court turned to the jury and gave the following admonition:

"You need not pay any attention to what the court said. I am simply making a ruling, and anything the court said you will pay no attention to, for the facts are for you to determine. And the court further states to you, with reference to the parties coming out of the back door of this place, as to what force

and effect it has and the weight to attach to it, under the evidence, it is solely in your province to determine."

We do not think that the court's statement, when considered in connection with the admonition given to the jury, could be treated as an expression of the opinion of the court, upon the weight of the evidence.

A similarly worded admonition would have certainly been sufficient in this case. If not, certainly one similar to those given in *Coulter* v. *State*, 110 Ark. 209, 161 S.W. 186, where the conviction of the appellant in the case for assault with intent to kill was affirmed, would have sufficed to remove any prejudice that might have resulted from the court's remarks. In treating this situation we said:

The defendant was a witness for himself, and on cross-examination the prosecuting attorney asked him if he had not been convicted for killing his brother. Counsel for defendant objected to this question, and the court stated that it was proper to ask him as a witness if he was convicted as a matter affecting his credibility. Counsel for defendant remarked that, if the defendant did kill his brother, he was justifiable, and the court then remarked to counsel for defendant, "You know, Judge Steel, he was not justifiable." The defendant excepted to this remark of the court, and the court said: "I did not mean that, I meant it would not be competent to go into that question here in this trial at all. It is competent to ask him if he had been convicted of a felony. You can ask him how long he has been living over there; but, as to how long he stayed in the penitentiary, that is not material." At the request of the defendant, the court instructed the jury as follows: "You will not consider the fact that defendant has previously been convicted of a crime as in any manner establishing his guilt of the crime charged; but it may be considered only as it may affect his credibility." Under these circumstances, we do not think that the remarks

made by the court were prejudicial to the rights of the defendant.

Since the judge's remarks could have been corrected upon proper request and any prejudice attributable to them removed by a proper admonition, which was not requested, I can find no excuse for saying that the circuit judge manifestly abused his discretion in denying a mistrial or for ordering a new trial in this case.