John Henry KAY *v.* STATE of Arkansas

CR 76-131                                   543 S.W. 2d 479

Opinion delivered November 22, 1976

*Harold L. Hall*, Public Defender, by: *William R. Simpson*, Dep. Public Defender, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Terry R. Kirkpatrick*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. John Henry Kay appeals from a verdict and judgment sentencing him to five years' imprisonment for robbery and to two additional years for committing the offense with a firearm. We find no merit in the two points for reversal that are presented.

The victim of the robbery, Khachia Muradain, who was employed in his son's liquor store, speaks Armenian but not English. The son, who was not present when the robbery occurred and who did not testify, acted as the interpreter when his father testified for the State. Defense counsel objected to that procedure, on the ground that the son was biased, and also asked for a mistrial.

No prejudicial error is shown. The son had had some earlier experience as an interpreter, but he was evidently not skilled in that role. Occasionally he interposed remarks of his own instead of confining himself to the attorneys' questions and to the witness's answers. His remarks, however, had no direct bearing on the merits of the case. Any impropriety in the procedure could readily have been corrected by an admonition to the jury, but the court was not asked to take that action. In the circumstances the request for a mistrial was properly denied. *Back v. Duncan,* 246 Ark. 494, 438 S.W. 2d 690 (1969). Moreover the questions and answers were recorded on tape so that the son's accuracy as an interpreter could have been checked later on, but that step does not appear to have been thought necessary.

It is also argued that the accused was denied his right to a speedy trial. Kay was in prison in Louisiana when the information was filed, but eventually he waived extradition and consented to being brought to Arkansas for trial. Having waived extradition he is not in a position to, and does not, question the extradition procedure. He does assert, however, that the State was required to exercise good faith in seeking his return to Arkansas. *Smith v. Hooey,* 393 U.S. 374 (1969). From that premise he argues that the State's good faith is rebutted by its use of certain "pre-notarized" documents in the extradition proceedings and that therefore he was denied a speedy trial. This argument is not sound. We cannot approve the use of such documents, but we fail to see how their use implies a lack of good faith as far as a speedy trial is concerned. To the contrary, presumably the documents were used to hasten Kay's return to Arkansas rather than to retard it. Consequently no prejudice from their use appears.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and JONES, JJ.