Elisa BALL (MOORE) and Andrew L. CHILDRESS
*v.* Donald R. CAMERON and
FOLK CONSTRUCTION CO., INC.

84-44                                    668 S.W.2d 942

Supreme Court of Arkansas
Opinion delivered May 7, 1984

*Byrd & Leslie,* by: *Robert B. Leslie,* for appellants.

*Anderson & Kilpatrick,* by: *Overton S. Anderson,* for appellees.

ROBERT H. DUDLEY, Justice. This tort action arose out of a car wreck. Jurisdiction is in this court pursuant to Rule 29(1)(o). During opening statement the appellees' attorney told the jury: ". . . As I say, they get to talk first and last to you. Now, that's all set in our system of justice, ladies and gentlemen, by some burdens that are put on the Plaintiffs in a case like this. *The law, ladies and gentlemen, is suspicious of claims like this.* And they offset the advantages that the Plaintiff has by putting certain burdens on the Plaintiff. . . ."

Appellants' attorney objected and asked that the jury be instructed to disregard the statement. The trial court, out of the hearing of the jury, sustained the objection but said that a ruling on a limiting instruction would be passed until the jury was recessed. The judge also told appellees' attorney to "steer away from that." During the first recess appellants' attorney moved for either a limiting instruction or a mistrial. The trial court refused both. Unfortunately, the appellees' attorney did not steer away from the matter, but in closing argument, stated: "You can reason from the fact that the law puts the burden of proof on the Plaintiff to prove the Defendant guilty of negligence, *the law is suspicious of claims like this.*"

If a trial judge has undertaken to correct some impropriety by instructing the jury to disregard it, we accord great latitude to the trial court in ruling on a motion for a mistrial and we reverse only if there is a manifest prejudice. *Back* v. *Duncan,* 246 Ark. 494, 438 S.W.2d 690 (1969). However, when as here, an attorney makes an improper statement of the law, and the attorney is made aware of the impropriety by a court ruling, but the trial judge does not undertake to correct the matter by instructing the jury to disregard it, and the attorney then substantially repeats the statement, it occurs to us that prejudice has most likely occurred and we do not hesitate to reverse and remand for a new trial.

Since the case is remanded for retrial, we will discuss an evidentiary ruling which is likely to again arise. The trial court correctly ruled that a state trooper was not qualified as an expert witness. The appellant sought to have the trooper give the exact speed of one of the automobiles from an examination of its skid marks. It is sufficient to state that the witness did not know what the friction coefficient was, much less how to calculate it. For qualifying an expert witness on the estimation of speed from skid marks, see *B. & J. Byers Trucking* v. *Robinson,* 281 Ark. 442, 665 S.W.2d 258 (1984).

Reversed and remanded.